SAMUEL KUGEL vs. MATHEWSON ANGELL.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant sold certain goods to the plaintiff and was to ship them as soon as he knew that the plaintiff's check, given therefor, had been paid. The check was deposited by the defendant in his bank, was credited to his account, was paid in three or four days, and in the usual course, by the bank upon which it was drawn, and the amount remitted to the defendant's bank which was also notified of such payment. *Held:* —

1. That under these circumstances the defendant could not deny that he knew of the payment of the check.
2. That even if entitled to actual knowledge of the payment of the check, he must nevertheless have exercised due diligence to inform himself upon that point; and a conclusion of the trial court that he had exercised such diligence, being manifestly inconsistent with the facts found, was reversible error.

Argued January 23d—decided March 5th, 1902.

ACTION to recover damages for neglect to seasonably deliver certain merchandise purchased by the plaintiff, brought to the City Court of New Haven and tried to the court, *Bishop, J.*; facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and cause remanded.*

The complaint alleges: 1. The sale to the plaintiff of a lot of goods for $41 on February 26th, 1901. 2. The plaintiff paid $10 on February 26th, and the balance of the price on the following day. 3. At the time of paying the balance it was agreed that the goods should be delivered for transportation at the railroad station on or before March 1st. 4. The defendant failed to deliver the goods as agreed and did not deliver them until April 1st. 5. The plaintiff declined to accept the goods so delivered for transportation on April 1st. 6. The goods sold were seasonable goods, as the defendant knew, and by reason of the delay in delivery the plaintiff lost the sale of the goods and suffered damage to the amount of $50.

The answer admits the sale, and the delay in delivery until April 1st, and the refusal of plaintiff to accept the goods at that time. It denies the other allegations of the complaint, qualifying the denial by an allegation that the sale was for cash, payable before delivery; that the plaintiff paid $10 in money and gave the defendant his check for the balance; that it was then agreed that the defendant should deliver the goods for transportation when he found out that the check was paid; and that the defendant did not find out that the check was paid until after he shipped the goods on April 1st.

The plaintiff denied this explanatory allegation, and the court found the issue thus framed for the defendant, and thereupon rendered judgment against the plaintiff.

The facts upon which the judgment rests are thus stated by the court: 1. Plaintiff bought goods and agreed to pay $41. 2. Defendant was to hold the goods until he knew the check was paid. 3. The defendant deposited plaintiff's check and thereafter, when he made deposits, inquired if the check was paid and was informed that it was not. 4. Up to the time that he shipped the goods, the defendant was not informed that the check was paid. 5. He used due diligence to ascertain if check had been paid.

The essential conclusions of fact reached by the court are these: First, the parties agreed that defendant should hold

the goods sold until he knew the check given in payment had been paid; second, defendant was not informed that check had been paid until after he shipped the goods.

The finding for appeal states the following additional facts upon which the court, in connection with the facts stated in the judgment, based its conclusion that the defendant had no knowledge of the payment of the check: "On February 26th, 1901, the defendant, at Willimantic, agreed to sell and did sell the plaintiff a bill of goods, wares, and merchandise, for the agreed price of $41, to be paid for in cash prior to the delivery of the same. The defendant made out a bill for said goods, and the plaintiff paid as a deposit $10, the plaintiff agreeing to pay the balance the next morning. The following day, February 27th, the plaintiff was unable to pay said balance, $31, but deposited with defendant his check on the Union Trust Company, at New Haven, and it was agreed that said goods should be delivered at the railroad station at Willimantic when the defendant found that the check was paid. . . . Thereupon the defendant accepted said check, receipted the bill, with the agreement that as soon as check came back paid he would ship the goods. The plaintiff packed said goods, and made them ready for shipment. On the same day, February 27th, the defendant deposited said check with the Windham National Bank, a bank for the deposit and collection of checks, he being a regular depositor at said bank. After he had deposited said check the defendant inquired from time to time if said check had been paid, and each time he made the inquiry he was informed it had not. The defendant used due diligence to ascertain if the check had been paid. At the time said check was given the plaintiff had sufficient funds with the Union Trust Company to pay the same, and continued to have until said check was paid. The Windham National Bank gave the defendant credit for the amount of the check, and this credit has been continued and unchanged. On the morning of February 28th, 1901, the Merchants' National Bank, at New Haven, received said check from the Windham National Bank; it was sent by said Merchants' Bank to the clearing house, and from

there to the Union Trust Company, where it was paid, and by the Merchants' National Bank the amount was remitted to the Windham National Bank." The Merchants' National Bank and the Union Trust Company informed the Windham National Bank of the payment of said check on March 1st, 1901. "The plaintiff on March 16th, 1901, wrote defendant concerning the delivery of the goods, and he immediately answered that he had inquired several times at the bank if the check had been paid, and the answer had always been no. 'If it has been paid there is evidently a mistake,' and requested plaintiff to have the cashier of the bank where the check was payable send a certificate to that effect, promising on the receipt of that certificate to forward the goods. The plaintiff did not send the certificate, neither did he notify the defendant that said check was paid. The defendant afterward shipped the goods, but the plaintiff declined to receive them on the ground that the season for selling the same had passed."

The plaintiff, in his assignment of errors, claims that the conclusions of the court that the defendant was not bound to ship the goods within a reasonable time after the payment of the check, and that the defendant exercised due diligence in ascertaining the payment of the check, are legally unwarranted by the facts found.

*J. Birney Tuttle* and *Simon H. Kugel*, for the appellant (plaintiff).

*Andrew J. Bowen*, for the appellee (defendant).

HAMERSLEY, J. There is manifest error. The only permissible conclusion from the facts on which the judgment is based, in connection with the facts stated in the finding for appeal, is that on February 27th there was a completed purchase and sale of goods; that the plaintiff then agreed that the defendant might retain possession of the goods until a reasonable time had elapsed for the presentation for payment of the check, given in lieu of cash; and that the defendant then agreed to present the check for payment with-

out delay, and to deliver the goods for transportation directly after payment and as soon as he "found out" or "knew" that the check was good. The check having been presented by his agent, the Windham National Bank, and the agent having received the money on March 1st and placed it to the credit of defendant's account, he could not deny that he had found out and knew of the payment of the check. Moreover the plaintiff, engaged in the dry goods business in Willimantic and a regular depositor at the Windham National Bank, must have known that the check, if dishonored, would have come back in due course of mail to the bank and to him.

If it could be held that he was entitled to have actual knowledge of the payment of the check other than that involved in the facts found by the court, he must nevertheless have exercised diligence in obtaining that knowledge. The facts found by the court show an utter want of diligence, and the conclusion of the court that he exercised due diligence is wholly inconsistent with the facts found.

It is patent that the trial judge, in drawing his ultimate conclusion from the facts found, did not apply to those facts elementary and uncontested principles of law ; or that, if he did apply those principles, his conclusion violates the plainest rules of logic. It is difficult to ascertain with certainty from the inadequate and somewhat contradictory finding which error the court committed ; but it is not material. Either is ground for a new trial. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 192.

There is error in the judgment of the City Court and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.