CHARLES E. HYDE, ADMINISTRATOR, *vs.* ADOLPH MENDEL
ET AL.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Inasmuch as this court has repeatedly held that it has no power under
the Constitution to retry pure questions of fact adjudicated by the
trial court, parties should refrain from presenting such questions
for review upon motion to correct the finding, a practice not only
useless to them, but one which involves the injection into the record
of a mass of unnecessary and confusing matter.

An ultimate conclusion of fact is reviewable by this court, only when it
appears that the trial court, in drawing its inferences from conceded,
subordinate or evidential facts, has violated the plain rules of rea-
son, or when some one or more of the material facts found are le-
gally inconsistent with the conclusions reached.

The defendants owned and operated a freight elevator of standard de-
sign, in good condition, used to carry freight from the floor of the
basement to the sidewalk above. It was enclosed on three sides,
in a lighted room, and left in the exclusive care of a clerk, with a
notice posted warning persons against interfering with it. The
plaintiff's intestate had been specially warned not to meddle with
it, but, when off duty, and in the absence of the clerk in charge,
attempted to operate the elevator, knowing the dangers and in dis-
obedience of orders. He was afterwards found thereon dead.
From these facts, together with the position of the elevator and the
body when found, the condition of the basement, and the method
of conducting the defendants' business, the court below found that
there was no negligence on the part of the defendants, and that the
negligence of the plaintiff's intestate contributed to the injury.
*Held* that the specific facts found fully warranted these conclusions.

It appeared that the elevator was not provided with a gate, that it did
not strictly comply with the city ordinance, that the deceased was
at times employed more than ten hours, and that the elevator might
be started by one stumbling and grasping its rope. *Held* that these
facts were not legally inconsistent with the conclusions of the trial
court as to negligence and contributory negligence.

Argued June 4th—decided July 18th, 1902.

ACTION to recover damages for personal injuries resulting
in the death of the plaintiff's intestate, and claimed to have
been caused by defendants' negligence, brought to the Supe-

rior Court for New Haven County and heard in damages to the court, *Shumway, J.;* facts found and judgment rendered for nominal damages only, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The defendants occupied for their business a building fronting on Chapel Street in New Haven, containing a basement extending under the sidewalk. In a room of the basement, which extended under the sidewalk, was a freight elevator or lift running from the floor to the level of the sidewalk above. Charles J. Hyde, the plaintiff's intestate, was at the time of the injuries complained of in the employ of the defendants as a cash boy or errand boy. He was fifteen years of age, educated at the public schools, intelligent and active. On May 4th, 1901, between the hours of 6 : 20 and 7 : 30 P. M., young Hyde was killed while riding on said elevator. He was alone at the time. At 7 : 30 his body was discovered in a sitting posture on the platform of the elevator, legs over its edge as if sitting in a chair, the body bent down with the head between the knees, and the arms hanging at the sides. It had been crushed between the platform and an iron girder which the elevator passed in its upward stroke.

This action is brought by the administrator, and the complaint alleges that the injuries to young Hyde were caused by the negligence of the defendants in failing to properly inclose and guard said elevator, and in failing to properly light the place where it was. The defendants suffered a default, moved for a hearing in damages, and gave notice that they would introduce evidence to disprove the allegations that they were negligent, and that their negligence caused the injuries, and to prove contributory negligence. After judgment for the plaintiff to recover nominal damages, the court (*Shumway, J.*) made a finding setting forth in great detail the material facts on which the judgment is founded.

The plaintiff claims that the court erred in finding the facts set forth, in not finding facts claimed to have been proved, in finding facts without any evidence, in rulings upon admission of testimony, in receiving from counsel a

transcript from the stenographer's notes of portions of the testimony, and in the ultimate conclusions of the court from the specific facts found; and claims certain corrections in the finding.

*Edward J. Maher* and *George E. Hall*, for the appellant (plaintiff).

*Seymour C. Loomis*, for the appellees (defendants).

HAMERSLEY, J.   We do not think the objections to evidence justify discussion; the rulings of the court are too plainly correct, or are harmless.

The court properly received from defendant's counsel after the close of the arguments a transcript of the stenographer's notes of certain portions of the testimony.

The claims of error in finding certain material facts without any evidence are clearly unsupported by the testimony certified.

Claims that the court erred in weighing the evidence supporting the facts on which its judgment was founded cannot be considered.   In this case, and in some others recently before us, such claims seem to have induced an injection into the appeal record of much unnecessary and confusing matter.   The jurisdiction of this court, as fixed by the Constitution, has been determined by repeated decisions of this court; and no mere provisions as to process can operate to change the real character of this jurisdiction.   *Styles* v. *Tyler*, 64 Conn. 432, 454, 461 ; *Atwater* v. *Morning News Co.*, 67 id. 504, 527 ; *Nolan* v. *New York, N. H. & H. R. Co.*, 70 id. 159, 173 ; *Thresher* v. *Dyer*, 69 id. 404, 408 ; *Hoadley* v. *Savings Bank of Danbury*, 71 id. 599, 611, 613.

It is obvious that motions to correct, and exceptions in respect to facts claimed to have been found against the evidence, when framed for the purpose of bringing such errors in fact before this court for review, are wholly ineffectual. If counsel would carefully examine the directions contained in Rules of Court, p. 90 *et seq.*, they would avoid the impropriety of burdening appeal records with useless exceptions.

There is no occasion to correct the finding by including in it the facts claimed to be material and improperly omitted. The facts claimed as appearing from uncontradicted testimony do not appear to be admitted or undisputed facts, and the omitted facts, marked by the court as " proven," would not affect the result if included in the finding.

The main error assigned and the one chiefly relied upon is, that the court erred in its conclusion from the facts stated in the finding, that there was no negligence on the part of the defendants that caused or contributed to the injury to the plaintiff's intestate, and that it was the negligence of the plaintiff's intestate that caused his death. The error assigned, in effect, is that the trial court has erred in basing its ultimate conclusions as to the facts of negligence upon the specific facts set forth. Such a conclusion is reviewable when it appears that the trial court in drawing its inferences of fact from conceded, subordinate or evidential facts, has violated the plain rules of reason, or when some one or more of the facts found are legally inconsistent with the conclusions reached. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 183, 192. Neither ground of review appears in the present case. The court finds that the preponderance of evidence establishes the facts that the elevator upon which young Hyde met his death was a freight elevator of standard design, and was a proper and suitable appliance for the purpose for which it was used, and was in good condition at the time of the accident; that it was used solely for the carriage of freight; that it was situate in the basement in a room called the receiving-room, appropriated to the receiving and shipping of freight, and ran for a distance of about nine feet, from a few inches below the level of the floor of the room to the level of the sidewalk above; that it was inclosed or protected on all sides except the entrance for receiving and discharging freight; that it was under the exclusive charge of the clerk in charge of the receiving-room, who was the only person whose duty it was to operate it; that the accident happened during the absence of the receiving clerk for supper, when the room was unoccupied; that

the room was then sufficiently lighted to easily distinguish objects; that the elevator was then at rest, its platform being substantially on a level with the floor of the room; that the defendants kept posted in plain sight a sign warning all persons against interfering with the elevators in the building, and had specially warned young Hyde not to use or meddle with this elevator; and that the accident resulted from Hyde's attempt to operate the elevator.

These facts plainly justify the court in its affirmative conclusion that the defendants were free from negligence that caused the injury.

The court further finds that young Hyde, during the hour given him for supper, when he was off duty and not under the control of the defendants, and during the absence of the receiving clerk, attempted to operate the elevator, knowing the danger he thus incurred and that in so doing he was disregarding the warnings and disobeying the orders of the defendants, and that the injury to him resulted from this attempt. This fact, which involves contributory negligence, is found as a conclusion from a number of evidential facts, such as the position of the elevator and the body of Hyde when discovered by the receiving clerk upon his return from supper, the construction and mode of operating the elevator, the time when Hyde left the store for his supper, his failure to report his return as required, the condition of the receiving-room at the time, and the manner and course of business as shown. It is not necessary that such a fact must be found from direct evidence; it may be determined by the court by way of inference from other facts, and it does not appear that the trial court in drawing this inference has violated any principle of law or logical reasoning. *Wood* v. *Danbury*, 72 Conn. 69, 72, 73; *Murphy* v. *Derby Street Ry. Co.*, 73 id. 249, 252.

The facts that there was not a gate or other guard at the entrance of this elevator, that the elevator and its surroundings did not strictly comply with a city ordinance on that subject, that the defendants on certain days in the week employed Hyde for more than ten hours, that if a person should

New Haven *v.* Fresenius.

stumble from the floor of the receiving-room upon the elevator platform and in grasping the wire rope to save himself should pull it down, the elevator would move upward,—are not facts legally inconsistent with the conclusions of the court, and no one of them had any direct connection with the cause of the injury as found by the court.

There is really nothing substantial in the plaintiff's claims that the court erred in its conclusions from the specific facts stated in the finding. The excuse for an apparently unnecessary appeal may doubtless be found in the statement of the plaintiff's counsel, that the unfortunate accident "has cost the precious life of a motherless lad who was working for a small pittance a week, who helped support his eight-year old sister and a sickly father, who are now left with their principal source of income cut off." Such harsh consequence of a youthful indiscretion is a sad misfortune, but is not one which these defendants are legally bound to alleviate.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.