CARLO PALUMBO *vs.* THE GEORGE A. FULLER COMPANY
ET AL.

* First Judicial District, Hartford, May Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A Compensation Commissioner is a trier of facts, and his finding is of
the same import as that of a trial judge.

Settling the credit of witnesses, weighing evidence, ascertaining the
truth from conflicting testimony or incongruous evidential facts,
is within the exclusive jurisdiction of the Commissioner, and his
finding in so far as it discloses facts so determined—subordinate
facts—cannot be changed unless it includes facts found without
evidence, or fails to include material facts which are admitted or
undisputed.

The Commissioner's conclusions from the subordinate facts may be
assigned as errors in law, but without avail unless some one or
more of the facts found are legally inconsistent with the conclusion
reached; and where such conclusion is an inference of ultimate
fact, it must stand unless it violates reason or logic.

An application for a correction of a finding is confined to the addition
or elimination of subordinate facts: conclusions of law or of ulti-
mate fact being reviewable only as errors of law.

Section 5345, under which a principal employer in an undertaking be-
comes, in reference to the Compensation Act, the employer of all
employees on the work who come within the terms of the section,
is a part of Part B of the Act, acceptance of which is voluntary on
the part of an employer, who cannot thereafter urge that its pro-
visions are ineffective in whole or in part because of any impair-
ment of his constitutional rights.

The defendant F, being employed to erect a building, employed the
defendant S, to excavate the cellar and remove the materials;
and S arranged with C to remove the loam, which C received in
consideration for doing the work. The plaintiff, an employee of
C, was injured while lending a hand at C's direction to assist in
filling a truck. The Commissioner concluded that C was a sub-
contractor under S, and that under § 5345 both F and S were liable
to the plaintiff for compensation. The defendants claimed that
the arrangement between S and C was either a sale or a gift of the
loam. *Held* that the Commissioner's conclusion was not illogical
or unreasonable, and hence there was no error in awarding com-
pensation to the plaintiff.

* Transferred from third judicial district.

Under § 5345, not only the original or general contractor, but each successive subcontractor in the line or chain is, with respect to an employee receiving a compensable injury, a principal employer and liable accordingly; nor is it essential that the injured employee should exhaust his remedy against his immediate employer and the latter's insurer, if any, before liability of the principal employer arises.

A promise by one party to an agreement, originally too indefinite and vague for enforcement, may be made definite and binding by entire or partial performance by that party.

Argued May 2d—decided July 27th, 1923.

APPEAL by the defendants from a finding and award of the Compensation Commissioner of the third district in favor of the plaintiff, taken to and reserved by the Superior Court in New Haven County, *Webb, J.,* upon the finding of the Commissioner as amended by the court, for the advice of this court. *Superior Court advised to affirm the award of the Commissioner.*

The defendants appealed from the refusal of the Superior Court to correct the finding of the Commissioner in specified particulars. *No error.*

*Claude H. Voorhees* and *William B. Gumbart,* for the defendant Fuller Company.

*Philip Pond,* with whom was *Raymond E. Baldwin,* for the defendant Sperry Engineering Company.

*Arthur B. O'Keefe* and *Joseph I. Shrebnik,* with whom, on the brief, was *John Henry Sheehan,* for the plaintiff.

CURTIS, J. This is an appeal to the Superior Court from the finding and award of a Compensation Commissioner. The appeal involves claimed errors of the commissioner in denying motions to correct the finding, and claimed errors of law in his conclusions.

In the Superior Court the parties agreed to a reservation of the case, to which the court consented,

and then, under § 75, p. 258 of the Practice Book, 1922, the court passed upon the claimed errors of the commissioner in denying the motions to correct the finding. Thereupon a reservation of the other questions of law involved was perfected, and the defendants appealed from the rulings of the Superior Court upon the motions to correct the finding.

It is desirable in the first instance to dispose of the questions relating to the corrections of the finding. It seems necessary for us to consider again the function performed by the Superior Court and this court in relation to correcting a commissioner's finding. The commissioner is the trier of the facts and his finding is of the same import as the finding of a trial judge. *Swanson* v. *Latham*, 92 Conn. 87, 101 Atl. 492. "Settling the credit of witnesses; weighing evidence; ascertaining the truth from conflicting testimony or incongruous evidential facts;"—is "within the exclusive jurisdiction" of the commissioner. His finding, in so far as it discloses facts so determined, which we designate subordinate facts, cannot be changed unless the record discloses that the finding includes matters found to be facts without evidence, or fails to include material facts which are admitted or undisputed facts. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 176, 39 Atl. 115; *Hine* v. *McNerney*, 97 Conn. 308, 116 Atl. 610.

In addition to the subordinate facts set forth in a finding, there are ordinarily certain conclusions drawn from the subordinate facts. These may be arrived at by the application of the law to certain subordinate facts, or by inferences of ultimate fact drawn from certain subordinate facts by process of reasoning. As to a conclusion of the first kind, if the law is incorrectly applied to the subordinate facts, the trier has committed a reviewable error of law, as when some one or

more of the facts found are legally inconsistent with a conclusion reached. *Kugel* v. *Angell,* 74 Conn. 546, 550, 51 Atl. 533; *Nolan* v. *New York, N. H. & H. R. Co.,* 70 Conn. 159, 176, 39 Atl. 115. As to a conclusion of ultimate fact drawn from subordinate facts by process of reasoning, there is a reviewable error of law when it appears that in drawing its conclusion from subordinate facts the trier has violated some plain rules of reason, and the conclusion is, therefore, illogically drawn. *Hyde* v. *Mendel,* 75 Conn. 140, 143, 52 Atl. 744; *Hayward* v. *Plant,* 98 Conn. 374, 379, 380, 119 Atl. 341. In dealing with the correction of a finding by seeking the exclusion from it of a fact because it was found without evidence, or the insertion in it of a material fact as an admitted or undisputed fact, we are dealing purely with subordinate facts. The conclusions of the trier drawn from subordinate facts, cannot be attacked by seeking to have them stricken from the finding or changed in form of statement. They must be attacked as reviewable errors in law, either because resulting from an incorrect application of law to subordinate facts, or because resulting from an inference illogically drawn from subordinate facts. *Kugel* v. *Angell, Hyde* v. *Mendel, supra.* When a conclusion of a trier drawn from subordinate facts is attacked on the ground that it was an error in law to draw such conclusion, and this ground of error is sustained, the conclusion is no longer in the case, and if it was an essential basis of the judgment, the judgment cannot stand. It follows, therefore, that the finding of a commissioner cannot be corrected by striking out or adding paragraphs, unless the record discloses that he has found facts without evidence, or failed to include material facts which were admitted or undisputed; and further, that his conclusions drawn from the subordinate facts must be attacked as errors in law, and

Palumbo *v.* Fuller Co.

not by the method employed in seeking corrections of the finding as to subordinate facts. His conclusions so drawn cannot be found to be erroneous in law unless found to have been drawn as a result of an incorrect application of some rule or principle of law to subordinate facts, or because of an inference illogically drawn from subordinate facts.

The corrections sought as to paragraphs fourteen, sixteen, nineteen, thirty-six and forty-four, are corrections of what are clearly conclusions by the commissioner from subordinate facts. As stated above, such conclusions cannot be attacked by seeking to have them stricken from the finding or changed in form; they must be attacked as claimed reviewable errors of law, for reasons above stated. The conclusions of the commissioner found in these five paragraphs have been sufficiently assigned as errors of law in the appeal, and will be discussed later from that standpoint. The court properly denied the motion to correct paragraph forty-three of the finding, as its correction as sought is immaterial. There is, therefore, no ground for further correction of the finding by this court, and no error on the appeal.

A ground of appeal that is fundamental, is the claim that the commissioner erred in not holding that § 5345 of the General Statutes is unconstitutional; as this question is independent of the finding, it may be considered at the outset.*

---

\* Sec. 5345. PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer procures any work to be done, wholly or in part for him, by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor.

This section, passed in 1913, is made a part of Part B of the Compensation Act to strengthen its remedial purpose. It in effect provides an addition to the definition of employer and employee found in the original Act. Under it a principal employer in an undertaking becomes, in reference to the Compensation Act, the employer of all employees on the work who come within the terms of the section. When a principal employer (contractor) undertakes a piece of work in this State and voluntarily accepts Part B of the Compensation Act, he makes the Act, including § 5345, a part of his undertaking, and his employees, in relation to the Compensation Act, include those who come within the terms of this section. *Douthwright* v. *Champlin*, 91 Conn. 524, 100 Atl. 97. The acceptance of Part B of the Act is voluntary on the part of an employer. When he so accepts the Act, he cannot thereafter urge that its provisions are ineffective in whole or in part because of any impairment of the constitutional rights of an employer. This reason of appeal cannot be sustained.

The finding and necessary inferences therefrom disclose the following situation: In April, 1921, the Knights of Columbus, a fraternal and social organization, owned a lot of land in New Haven, and it contracted with the defendant The George A. Fuller Company, hereinafter called the Fuller Company, to erect a certain building upon it for its use. This contract involved an excavation for a cellar, and the erection of the building over it. The excavation for a cellar involved both making an opening and removing the materials therefrom, which materials had to be removed from the premises. The Fuller Company entered into a contract with the defendant The Sperry Engineering Company, hereafter called the Sperry Company, under which the Sperry Company agreed to excavate the cellar and remove the materials.

On April 6th, 1921, the Sperry Company began the preparatory work of excavating and moved a steam shovel on the premises.

One Joseph Barone about April 6th, 1921, arranged with the Sperry Company that one George A Cromie, for whom he was agent, should remove the loam within the space to be occupied by the cellar, and take it from the premises. This loam was of substantial value, and for doing this work Cromie was to receive as consideration the loam itself. Cromie agreed to pay and did pay the Sperry Company for the use of its steam shovel to such extent as he used it in removing the loam. Cromie did the work of removing loam for the most part by laborers using shovels and carts. One of the laborers of Cromie engaged in digging the loam and throwing it into carts was the plaintiff. The Sperry Company complained that Cromie did not cut the loam deep enough, and Cromie complained that the steam shovel cut too deep and took loam mixed with other material. Cromie dug and carted loam from the premises up to and including April 11th, 1921. Cromie did not remove or take away all of the loam on said premises, nor did the Sperry Company demand or require him to remove it all, and the loam on the premises not taken away by Cromie was disposed of by the Sperry Company in other ways as it chose.

While the laborers of Cromie were at work on April 11th, 1921, as above stated, the Sperry Company was removing other material than loam from the excavation by its steam shovel and carting it, in trucks in their employ, from the premises. While the steam shovel operated by the Sperry Company was thus loading the trucks, furnished by it at its own expense, for the removal of material other than loam, to a dump, the necessity arose of lifting by hand into one of the trucks a piece of concrete about four feet square and about

five inches thick. To do this work, which required only a few minutes, Cromie, acting through his agent, Barone, directed the plaintiff and two other of the employees of Cromie to lend a hand, and in the process of so lending a hand the plaintiff suffered the injury in question. The plaintiff on April 11th was injured in the back by a strain or blow received as above. He had worked for less than two calendar weeks and the prevailing weekly wage was $18.90.

The commissioner drew the following conclusions from the facts: 1. The operation of so lending a hand by the plaintiff in the manner indicated, was incidental to the work for which the plaintiff was expressly employed and, while he was performing the operation in question, he was within the course of his employment, and an injury arising therefrom was an injury arising out of and in the course of the employment. 2. About April 6th, 1921, the Sperry Company entered into a contract with George A. Cromie, under which Cromie was to remove the loam within the space to be occupied by the cellar from the place where it was in the ground, and was to take it away from the premises, for which work he was to receive as consideration the loam itself. 3. The work being performed by Cromie through the plaintiff and others, was work which he was doing as a subcontractor under the Sperry Company, and the Sperry Company was, in turn, as hereinbefore set out, a contractor under its principal employer, the Fuller Company. 4. The Fuller Company is a building or construction company, and the erection of buildings, the preparation of grounds therefor, and the excavation of cellars is a part or process in its trade or business, and the work done by the plaintiff was a part of the process in such trade or business. 5. The Sperry Company was a contracting company, which, as a part of its business, performed work of excavating, and the work

done by the plaintiff was a part of the process of the trade or business of the Sperry Company. 6. The premises in question, to wit, the Knights of Columbus property, were under the control of the Fuller Company, and were likewise under the control of the Sperry Company as representing both the Fuller Company and itself. 7. The Fuller Company and the Sperry Company are liable in compensation to the plaintiff as they respectively procured work to be done through a contractor and subcontractor respectively, which work was a part of the process in their respective trades or business, and was performed in, on or about premises under their control, and the injury in question was suffered by an employee of such contractor or subcontractor under said circumstances, and it was an injury arising out of and in the course of the occupation. 8. The Fuller Company and the Sperry Company were each under the law primarily liable in compensation for the injury in question, and the said Cromie would have been likewise primarily liable had it not been for facts preventing the maintenance of the claim for compensation in view of the provisions of § 5360 of the General Statutes. 9. The case is within the provisions of § 5345 of the General Statutes. The commissioner therefore ruled and held that compensation in half the normal amount should be awarded against the Fuller Company and the Sperry Company, that the full medical expenses should be paid, that there should be no award, owing to the bar of the statute, against George A. Cromie, and that there should be no award against Joseph Barone for the same reason and because he was neither a contractor nor employer.

In the errors assigned by the defendants in their appeal to the Superior Court, which by the reservation become their claims of error in this court, they assert that the conclusions of the commissioner as above set

forth are not supported by the subordinate facts found, but are found illogically or illegally. In dealing with claims of this kind, in relation to the conclusions of a trier drawn from subordinate facts, the function of an appellate court is not to inquire whether it would have reached the same result; it must limit its inquiry to ascertain whether a conclusion drawn is so illogical as to be unjustifiable, that is, such a conclusion as a reasonable man could not draw in a reasoning way, or whether some one or more of the subordinate facts found are legally inconsistent with the conclusion reached, that is, that the trier did not apply to the subordinate facts correct principles of law, or otherwise violate some rule or principle of law. *Kugel* v. *Angell*, 74 Conn. 546, 550, 51 Atl. 533; *Hyde* v. *Mendel*, 75 Conn. 140, 143, 52 Atl. 744. The conclusion of the commissioner (paragraph nineteen of finding) that under the subordinate facts a contract was created between the Sperry Company and Cromie on April 6th, whereby Cromie agreed to remove loam from the site for the cellar on the lot in question and thereby excavate a portion of the cellar, and the Sperry Company agreed to compensate him therefor by permitting him to appropriate to his own use the loam removed, is claimed to have been either illogically or illegally drawn. There has been no suggestion that the conclusion was illegally drawn in the sense that there is some principle of law which, if applied to the subordinate facts, would make the conclusion that a contract was created an illegal conclusion, except the suggestion that the terms of the arrangement were too indefinite as to the obligations of Cromie to constitute an enforceable contract. In dealing with that suggestion it must be borne in mind that if the promise on one side of an agreement was too indefinite and vague for enforcement, such promise may be made definite by entire or partial

performance by that side, and the agreement, even if originally unenforceable because too vague, then becomes binding. 1 Williston on Contracts, p. 82. We are of the opinion, however, that the agreement found by the commissioner, construed in the light of all the surrounding circumstances and with reference to its subject-matter, in order to ascertain the intention of the parties, is not too indefinite for enforcement. The time for performance was a reasonable time in view of the circumstances, so also the extent of the removal of loam required was such as was reasonable in view of the circumstances.

The defendants claim that the only reasonable conclusion from the subordinate facts was that a gift or a sale of the loam by the Sperry Company to Cromie took place. The commissioner says pertinently: "There are a number of possible views of Cromie's position. . . . His object in entering into the arrangement with the Sperry Engineering Company was to get the loam. Had the loam been removed from the premises by the Sperry Engineering Company, and had Cromie then taken it, those circumstances might have tended to mark him as the purchaser of the loam, rather than one making an excavation. The Sperry Engineering Company wanted the hole dug and used the value of the loam to help get it dug. The agreement between them, while informally and loosely made, fairly indicates that Cromie was to dig and was to be paid in loam for digging." We do not find that the commissioner illegally drew the conclusion that a legally enforceable contract was made between the Sperry Company and Cromie, whereby Cromie agreed to dig loam from the cellar and remove it from the premises, and the Sperry Company agreed to compensate him for doing it by permitting him to appropriate the loam. Such conclusion is not contrary to any principle of law applicable

to the situation, and is not so illogical as to be unjustifiable.

The conclusion of the commissioner that the injury of the plaintiff arose out of and in the course of his employment is not, and could not be, seriously controverted, when it is determined as above that Cromie was a subcontractor under the Sperry Company and not a donee or vendee of the loam. We have found that the conclusion of the commissioner that the Sperry Company and Cromie entered into a contract which was in effect a contract for Cromie to excavate the cellar in part, is valid in view of other relevant parts of the finding. We, therefore, hold that the commissioner properly drew the conclusion (paragraph thirty-six of finding) that the work being performed by Cromie through the plaintiff and others was work which he was doing as a subcontractor under the Sperry Company, and the Sperry Company was, in turn, a contractor under its principal employer, the Fuller Company.

The defendants claim that the conclusion of the commissioner (paragraphs fourteen and sixteen of finding) that the work of excavating the cellar by the plaintiff was a part or process in the trade or business of the Fuller Company and the Sperry Company is not supported by the subordinate facts. But this claim is based entirely upon the claim that Cromie was either a donee or vendee of the loam and so not a subcontractor. As we have found that the conclusion of the commissioner that Cromie was a subcontractor doing excavation work was reasonable, and not illegal, this claim falls to the ground.

The conclusion of the trier (paragraph forty-four of finding) that under their contracts the Sperry Company and the Fuller Company had the premises of the Knights of Columbus upon which the excavation was being done, under their control within the meaning of

that term, as used in § 5345, is so obviously correct that it needs no discussion.

Upon the hearing before the commissioner, a claim for compensation by the plaintiff against Cromie could not be maintained because of the bar created by § 5360, and neither the Fuller Company nor the Sperry Company made any attempt to have Cromie made a party to the proceedings before this bar intervened.

The defendants claim that under § 5345 no liability can arise against either as a principal employer, unless the plaintiff has exhausted his remedy against his immediate employer and his insurer, if any. The terms of the section do not countenance such a limitation upon its use; whenever an injured employee of a subcontractor receives a compensable injury he may pursue his remedy against his immediate employer or any one or more principal employers as thus defined, or against all in one proceeding. Where there is an original contractor and a consecutive chain of subcontractors down to the workman receiving a compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman under § 5345. The construction of the section urged by the defendants would fail to recognize its remedial purpose and fail to effectuate such purpose. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 93 Atl. 245. Insurers of principal employers, as defined above, are equally responsible with their principals for any liability imposed under the Compensation Act. None of the grounds of error on the part of the commissioner alleged by the defendants are sustainable.

The Superior Court is advised to dismiss the appeal and to affirm the award of the commissioner.

In this opinion the other judges concurred, except KEELER, J., who dissented.