HILDA L. BAILEY vs. PETER MITCHELL ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

722

Argued October 6th—decided November 4th, 1931.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*William F. Healey,* for the appellee (plaintiff).

Hinman, J. The claimant's decedent was in the employ of the respondent as operator of a steam-shovel and for some days prior to July 8th, 1929, had been engaged in excavating in preparation for the building of a large garage in Greenwich. The excavation had been completed, a runway was being built on which to move the steam-shovel up to the ground level, and on that day the shovel was not used for

excavating, but on four or five occasions, for periods of about ten minutes each, the decedent operated the shovel to move timbers used in building the runway. During the intervals between so operating, he walked around, went to the offices for a drink of water, and talked with different persons around the job. About noon the men quit work and went to a nearby restaurant for lunch; thereafter the decedent returned to the shovel and after being on the job about twenty minutes, complained of dizziness. A physician was called and found him to be suffering from heat exhaustion. Later in the day, he went to a hospital and remained there until July 22d, when he was much improved, was discharged, and returned home. Later he returned to work and continued until discharged because of lack of work. A few days later he again entered a hospital and died within a short time thereafter. For an unknown length of time prior to July 8th, 1929, the decedent had been suffering with hypertension or high blood pressure. The heat prostration aggravated this condition which subsequently caused his death.

"While actually working or operating the steamshovel, the deceased was protected by a roof. On July 8th, the bottom of the shovel was approximately nine feet below the ground level, and the deceased stood on a platform five feet above the shovel base, so that, considering the height of the deceased, at least his head and shoulders were above the ground level, and he was not subjected to any lack of air in the excavation. Also, on this particular day, the deceased had done much less actual work than was usual, and between intervals of operating the steam-shovel, he was walking around, in and out of the offices, and resting if he wished." (Finding, Par. 10.) "The exposure of the deceased, while working on July 8th,

was no greater than the exposure of the community, and he was subjected to no unusual or undue exertion because of his employment. His work did not bring about the heat stroke in any greater degree than any work or exertion would have brought it about." (Finding, Par. 11.)

Upon the facts found by him as above stated in substance, the compensation commissioner held that while the heat prostration occurred in the course of the decedent's employment, it did not arise out of that employment, and dismissed the claim for compensation.

Upon appeal the Superior Court corrected this finding by adding that "July 8th was one of a number of days which constituted a spell of heat intensity" and made several other changes not of essential importance. In addition, however, the court eliminated from paragraph ten of the finding, quoted above, the words "and he was not subjected to any lack of air in the excavation" and added at the end of the paragraph "but most of the time he spent during the working hours in the excavation, either in operating the shovel, or in standing or sitting on the dirt in the bottom of the excavation"; also substituted for paragraph eleven, "The exposure in the deceased's employment was greater than the exposure of the community, and the risk of prostration from heat or the effects of the sun was greater than that of the community where he was working." In consequence of these changes, the court held that the heat stroke rose out of as well as occurred in the course of the decedent's employment and sustained the appeal. The action of the trial court in correcting the finding in the respects last above stated and the consequent reversal of the commissioner's conclusion are the main points presented by this appeal.

It is entirely well settled, although not always rec-

ognized in the taking of appeals as to corrections of findings of compensation commissioners, that the finding as to subordinate facts cannot be changed by the Superior Court unless the record discloses matters found to be facts without evidence or fails to include material facts which are admitted or undisputed; and the finding of a fact by an inference drawn from the evidence or other facts found, or both, may be corrected only when the inference is one which a reasonable man could not draw in a reasoning way and which therefore is so unreasonable as to justify judicial interference. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 355, 122 Atl. 63; *Saunders* v. *New England Collapsible Tube Co.*, 95 Conn. 40, 43, 110 Atl. 538; *Leszczymski* v. *Radel Oyster Co.*, 102 Conn. 511, 516, 129 Atl. 539; *Swanson* v. *Latham*, 92 Conn. 87, 101 Atl. 492.

Applying these limitations upon the power of the trial court on appeal with respect to the findings of the commissioner, we regard the corrections which are complained of to have been unwarranted. The finding in paragraph ten that the decedent was not subjected to lack of air in the excavation must be taken in connection with the finding immediately preceding as to his situation when standing upon the shovel so that his head and shoulders, at least, were above the ground level. So considered, it was at least a permissible inference from the situation so disclosed. The vitally important correction was the insertion in the finding that during most of the time when the decedent was not actively operating the shovel, he was nevertheless standing or sitting at the bottom of the excavation. The evidence in the record pertaining to this phase of the case discloses nothing in the duties of the decedent on the day in question which required his continuous presence in the excavation, but, as a whole, fairly indicates that, when he was not actually operating the

shovel during brief periods, he was at liberty to, and did, spend much or most of the time at places other than at the bottom of the excavation. Certainly, the fact added cannot be regarded as admitted or undisputed and the commissioner was fairly justified in refusing to so find upon the motion to correct. Paragraph eleven of the finding, concerning the exposure of the deceased as compared with that of the community is a conclusion from subordinate facts. As to such, the conclusions of the commissioner can be attacked, on appeal, only as reviewable errors in law, either because resulting from an incorrect application of law to subordinate facts, or because resulting from an inference illogically drawn from such facts. *Palumbo* v. *Fuller Co., supra,* p. 356.

"If the employment brings with it no greater exposure to injurious results from natural causes, and neither contributes to produce these nor to aggravate their effect, as from lightning, or severe heat or cold, than those to which persons generally in that locality, whether so employed or not, are equally exposed, there is no causal connection between the employment and the injury." *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 310, 97 Atl. 320. It is only when the exposure in the specific employment as from heat and the effects of the sun is substantially greater than that to which persons generally in that locality are subjected that the injury may be held to arise out of the employment. *Ahern* v. *Spier,* 93 Conn. 151, 152, 154, 105 Atl. 340.

If the commissioner had found as a subordinate fact (as did the trial court by its correction) that the duties of the claimant's employment on the day in question reasonably required him to spend most of the time on the bottom of the excavation, or that he actually and properly did so, his exposure could hardly have been

held other than greater than that of the rest of the community; but upon the facts found by the commissioner, without the important correction made by the trial court, the conclusion that his exposure did not bring him within the above-stated rule so as to require a holding that the injury by heat prostration arose out of as well as in the course of his employment and that it did not so arise, cannot be held to be "so unreasonable as to justify judicial interference." *Saunders* v. *New England Collapsible Tube Co., supra.*

There is error and the case is remanded to the Superior Court with direction to dismiss the appeal.

In this opinion the other judges concurred.