## Joseph Drouin *vs.* Chelsea Silk Company et al.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued October 6th—decided November 6th, 1936.

*Frank E. Dully,* for the appellants (defendants).

*Jacob Berman,* for the appellee (plaintiff).

BROWN, J. In this appeal from the judgment of the Superior Court sustaining the plaintiff's appeal from the finding and award of the compensation commissioner for the second district, aside from claimed corrections of the finding, the only question is whether the trial court erred in reversing the commissioner's conclusion denying compensation to the claimant. Pertinent to this issue the finding contains these facts. The manufacturing plant of the Chelsea Silk Company, the defendant employer, is southerly of the tracks of the New York, New Haven and Hartford Railroad Company, in Mystic, Connecticut, and the plaintiff's decedent resided on Allen Street, terminating in a dead-end at the opposite side of the tracks. On October 5th, 1934, the decedent, as an employee of the employer, finished his day's work, left the factory, and was crossing the tracks to go home, when he was struck by a train and killed. He had proceeded by a driveway from the factory entrance to a point directly opposite the westerly end of Allen Street and thence across the tracks. This route was a short cut from the factory to his house, the longer route by a bridge over the railroad tracks and public highway being about five times as far. People living in the vicinity of Allen Street and working in factories south of the railroad had been in the habit of crossing the tracks at the place where the decedent was killed. The further facts appear later in the opinion.

The errors assigned by the defendants relate to the

court's overruling of the commissioner's conclusion hereinafter recited. The plaintiff, by a bill of exceptions, complains of the trial court's refusal to allow the corrections of the commissioner's finding asked for by his motion to correct it. Under the rules, to raise this question the plaintiff should have filed an assignment of errors (Practice Book, §§ 264, 265; *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 674, 112 Atl. 269;) and not a bill of exceptions (Practice Book, § 364; *Gans* v. *Olchin & Co., Inc.*, 109 Conn. 164, 169, 145 Atl. 751). Nevertheless, we have considered the claims made by the plaintiff in this connection. The trial court properly refused to make the corrections sought, for they were either sufficiently covered by the finding as made, immaterial, or predicated upon conflicting evidence.

The vital question determinative of this appeal, therefore, is whether, as held by the trial court, the facts found do not warrant the commissioner's conclusion, that "the decedent at the time of his death was not in a place where he had any right to be in connection with his employment by consent of his employer, either express or implied; that the hazard of crossing the railroad tracks was not annexed to his employment by consent, acquiescence or agreement of his employer; that, on the contrary, he was in the act of trespassing on railroad property contrary to warning by both the Railroad Company and by the Chelsea Silk Company, and that his death did not therefore arise out of and in the course of his employment."

This was a conclusion drawn by the commissioner from the subordinate facts and the Superior Court could not find it to be erroneous in law, unless it was reached "as a result of an incorrect application of some rule or principle of law to subordinate facts, or be-

cause of an inference illogically drawn from subordinate facts," *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 357, 122 Atl. 63; or, as we have also expressed it, unless it was "found in violation of some rule or principle of law, or is in conflict with the rules of logic and reason, or is contrary to, or inconsistent with, the subordinate facts;" *Hayward* v. *Plant*, 98 Conn. 374, 379, 119 Atl. 341; *Hyde* v. *Mendel*, 75 Conn. 140, 143, 52 Atl. 744; *Kugel* v. *Angell*, 74 Conn. 546, 550, 51 Atl. 533; or, as we have more tersely said, unless there was not "evidence from which the court below [the commissioner here] could have reasonably reached the conclusions complained of." *Maley* v. *Hugo*, 87 Conn. 323, 324, 87 Atl. 734. See also *Bailey* v. *Mitchell*, 113 Conn. 721, 725, 156 Atl. 856, and cases cited.

The conclusion did not violate any rule or principle of law, or the rules of logic or reason, nor is it contrary to or inconsistent with the subordinate facts in the finding. Its vital element is that the hazard of crossing the tracks was not annexed to the decedent's employment by the consent, acquiescence, or agreement of his employer. With this established, it is patent that, at the time of his death, the decedent was not where he had a right to be in connection with his employment, and that his death did not arise out of and in the course of his employment. The question of express consent is not involved, as it was neither claimed nor found.

Several subordinate facts in addition to the existence of the way by bridge over the tracks earlier mentioned, logically and reasonably support the vital element of the commissioner's conclusion. Prior to the decedent's employment and fatal injury, the railroad company had tried to stop people from crossing its tracks at this place by posting on either side of the tracks a sign forbidding trespassing thereon; by erecting a stone wall two and one-half feet high along both sides

thereof, and also a wire mesh fence four feet high; by at various times stationing detectives there to warn off trespassers; and by sending notice in 1933 to the defendant employer of its employees' crossing, and disclaiming liability for any harm resulting. The defendant employer had tried to keep its employees from crossing there by posting this notice in its factory, together with a warning of the danger of crossing, disclaiming any responsibility resulting therefrom, and expressly forbidding its employees to cross. These notices were conspicuously posted on the employees' bulletin board in the factory from 1933 through the entire period of the decedent's employment up to and including the day of his death. Furthermore, at various times the employees had been given notice personally not to cross the tracks.

It is true that the commissioner also found that the route to the decedent's home by the highway was longer than that by crossing the tracks; that before the railroad's efforts to close this so-called crossing, people living north of the tracks and working in the factories to the south, had been in the habit of crossing the tracks at this point; that there was an opening in the walls on both sides of the track there, and that the mesh of the fence had been broken at either end of the so-called crossing by pedestrians who persisted in crossing notwithstanding the signs, fences, and adjoining ditches maintained by the railroad at this place; but none of these facts are sufficient to indicate any violation by the commissioner of the principles above recited in reaching his conclusion.

The law is clear that to render an employer liable under the Compensation Act for injuries sustained by an employee outside of the employer's premises, as here, resulting from some peculiar danger involved in the course taken or means used by him in coming

to or going from work, it must appear that such danger was a risk annexed to the employment by the employer's contemplating and acquiescing in the use thereof by the employee. *Procaccino* v. *Horton & Sons,* 95 Conn. 408, 111 Atl. 594; *Corvi* v. *Stiles & Reynolds Brick Co.,* 103 Conn. 449, 130 Atl. 674; *Saba* v. *Pioneer Contracting Co.,* 103 Conn. 559, 563, 131 Atl. 394. The commissioner has found on the contrary, as already narrated, that the employer's employees were forbidden by it, as well as by the railroad company, to cross the tracks, and explicitly that it neither acquiesced in, nor consented or agreed to, the hazard of the decedent's crossing the tracks. In view of the finding here, the cases cited above, upon the first two of which the plaintiff primarily relies, are clearly distinguishable from the present case. In each of them it was expressly found upon the facts established that the cause of injury was a risk annexed as an incident to the employment by the conduct of the parties, the employer having shown his acquiescence by permitting the practice without objection after apparent full knowledge thereof. In *Bountiful Brick Co.* v. *Giles,* 276 U. S. 154, 48 Sup. Ct. 221, also cited by the plaintiff, it is said (p. 159): "Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employee as a means of ingress and egress with the express or implied consent of the employer"; and in support of that statement the Connecticut cases we have referred to above are cited. Nor is the additional fact in that case that the employer had warned the employee "to be careful" in crossing the track of consequence, in view of the find-

ing in the present case that the employer's notice here "expressly forbade" its employees to cross.

The trial court by its memorandum of decision while recognizing the general principle of liability laid down in the cases above cited, holds that the commissioner's conclusion was erroneous, stating its position in these words: "Can it be said, however, that a practice known to be in vogue, is not acquiesced in as to an employee who, so far as appears from the finding, never saw the notice which was posted, nor received the formal warning?"

That it does not appear that the decedent saw the notice or received a formal warning might be open to question, in view of the finding as to the place and manner of the posting of the notice and the further finding to the effect that, at the time, the decedent was "trespassing on the railroad property contrary to warning by both the Railroad Company and by the Chelsea Silk Company." But assuming the court's construction of the finding to be correct, it does not follow that the commissioner was wrong in concluding that the hazard of crossing was not annexed to the decedent's employment by the consent, acquiescence, or agreement of the employer. Nor is the case of *Fiarenzo* v. *Richards & Co.*, 93 Conn. 581, 589, 107 Atl. 563, relied upon by the trial court in this connection, authority to the contrary. In that case, where the decedent was killed by attempting to ride on his employer's truck within its plant contrary to a general rule forbidding it, of which the decedent had no actual knowledge, this court held that such a rule under these circumstances fell "far short of showing that any act apparently infringing it, constitutes serious and wilful misconduct" under the statutory provision excusing the employer from liability for such. While we did state in that case, in considering that specific issue

then before us, that this was really no rule at all "as to employees ignorant of it," it does not follow that the notice posted by the employer in the present case forbidding employees to cross the tracks and disclaiming any liability therefor, must be eliminated from consideration in determining the very different issue of whether or not the hazard of such crossing had been annexed to the decedent's employment by the consent, acquiescence, or agreement of the employer. Such a notice posted as it was, afforded strong evidence of the lack of any such consent, acquiescence, or agreement by the employer, and in connection with the other facts found, warranted the commissioner in arriving at the conclusion which he did.

There is error, the judgment is set aside and the case remanded to the Superior Court with direction to enter judgment affirming the finding and award of the compensation commissioner.

In this opinion the other judges concurred.