## NELLIE M. NORTON
vs.
## AMERICAN BANK AND TRUST CO., ET AL.
(Appeal from Compensation Commissioner)

Superior Court       New Haven County       File #51618

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Edward Reynolds,       Attorney for the Claimant, Appellant.

D. L. O'Neill,       Attorney for the Respondents.

**MEMORANDUM FILED JULY 27, 1937.**

O'SULLIVAN, J.   This is an appeal by the claimant from an award of the Compensation Commissioner for the Third District.

The first reason of appeal recites that the Commissioner erred in refusing to strike from his finding paragraphs 8 to 15, inclusive.   Of these, paragraph 14 is the statement of an ultimate fact which, being drawn from subordinate facts, can be challenged only as a reviewable error of law.   **Palumbo vs. Fuller Company, 99 Conn. 353; Bailey vs. Mitchell, 113 Conn. 721.**

Nor should paragraph 15 be stricken out. This contains the claims of law and is properly included in the finding to conform with our procedure. **Practice Act, Sec. 254.**

The first reason of appeal is, therefore, limited in its application to paragraphs 8 to 13, inclusive. To raise this reason of appeal properly, it is essential that the motion to correct should allege that the requested eliminations were found without evidence. **Morganelli vs. Derby, 105 Conn. 545.** The motion to correct in the instant case is devoid of any such allegation and for this reason alone the first reason of appeal is without merit. But this aside, the transcript indicates support for all of the challenged matter.

The second reason of appeal, alleging error by the Commissioner in refusing to add to the finding, is likewise defective in that the motion to correct fails to allege that the requested additions are admitted or undisputed facts.

Furthermore, of the facts which the claimant seeks to have incorporated in the finding, some are evidential; some, already found; some, more elaborated details of facts appearing in the finding. Others are neither admitted nor undisputed.

"It is well settled, although not always recognized in the taking of appeals as to corrections of findings of Compensation Commissioners, that the finding as to subordinate facts cannot be changed by the Superior Court unless the record discloses matters found to be facts without evidence or fails to include material facts which are admitted or undisputed." **Bailey vs. Mitchell, supra; Palumbo vs. Fuller Company, supra; McDonald vs. Gulf Refining Company, 98 Conn. 286; Kenyon vs. Swift Service Corp., 121 Conn. 274.**

Although **Dexter Yarn Company vs. American Fabrics Company, 102 Conn. 529, at page** 541, holds that an undisputed fact is an admitted fact, the Court must have been referring to the equivalence of their effects, because manifestly there is a distinction between them. If they were synonymous, the rule would hardly be stated in the alternative. An admitted fact is one which has been expressly conceded as true. The record will indicate without difficulty the existence of any such concessions. An undisputed fact is established when a litigant, by the manner in which he presents his case, impliedly indicates that the fact in question is not controverted.

The mere absence of direct contradiction by the mouth of

a witness does not establish a fact as undisputed. The trial court is at liberty to discredit any witness or multitude of witnesses if it deems it has cause to do so. To hold otherwise would be to destroy one of its important functions. **Allis vs. Hall, 76 Conn. 322, 340.** There are, however, certain factors which may be considered in determining whether a fact is undisputed, even in the face of a Commissioner's action in denying a request to add and of an appellee's insistence that the fact is in dispute. If the fact is uncontradicted, especially when it is of such a nature that one would reasonably expect some contradictory testimony to be offered where it is available, if there is nothing in the record to indicate that the witness to the fact was not to be credited, if upon the face of the evidence it is credible, and if the Commissioner has not indicated that he did not credit the evidence, these, with other considerations, furnish a sufficient guide to assist one's reaching a conclusion whether the fact was or was not in dispute. **Leszcynski vs. Radel Oyster Company, 102 Conn. 511, 516.**

The foundation underlying the power which the Superior Court exercises is its right to correct the finding of a Commissioner when it is so unreasonable as to justify judicial interference. **Leszcynski vs. Radel Oyster Company, supra.**

Applying these principles, it is impossible to label as undisputed any of the facts which the claimant seeks to have added to the finding.

Furthermore, were the additions to be made, it would not follow that the conclusions of the Commissioner attacked in reasons of appeal three, four and five, should be held erroneous. By way of parenthethis, it should be here stated that the respondent admits that if the deceased were his employee, his death arose out of and in the course of his employment. The real issue in the case is whether the subordinate facts, as found, make illogical the conclusion that the deceased was an independent contractor.

The subordinate facts reveal the following history of events and circumstances: The American Bank and Trust Company owns and has charge of various pieces of real estate acquired through foreclosure. The care of this property is primarily in charge of one of its Vice-Presidents, Gustaf Emanuelson. In the spring of 1935, Mr. Emanuelson engaged the decedent, Mr. Norton, to do certain work for the bank on some of its real estate holdings. In general, Mr. Norton did painting

and papering, a little carpentry work and odd jobs. It was agreed that Mr. Norton was to receive forty cents an hour for the time actually spent. As Mr. Norton's work was satisfactory this arrangement was continued until Mr. Norton's death. The usual procedure was for Mr. Emanuelson to discuss with Mr. Norton the repairs or replacements needed either at the bank or in the building which was to be repaired. Mr. Norton had his own tools and appliances and he had authority from Mr. Emanuelson to purchase whatever materials were needed and charge them to the bank. On certain occasions permission was given to Mr. Norton to obtain the services of a helper. On other occasions he hired a helper without authority. Mr. Norton kept books of account in which he noted the hours worked and the hours his helpers worked on the property. At certain times he presented this book to an official of the bank who noted the hours spent, the charges for the time of both the decedent and his helper or helpers and made out a bill which Mr. Norton presented to Mr. Emanuelson for his "O.K.". When this was received Mr. Norton received a check for the amount of the bill.

One of the properties owned by the bank was known as 764 Quinnipiac Avenue, a building in which the decedent lived. As the roof needed repairing Mr. Emanuelson told the decedent to repair it and with the assistance of the helper he proceeded so to do. While working upon the building he fell and was killed. At the time of his injury, Mr. Norton had contracted to do a piece of work by his own means, according to his own methods and without being subject to the control of the bank beyond the designation of the work to be done and the approval of the result. He used his own tools, worked whatever hours he saw fit, and except in two instances, hired helpers without authorization from the bank and billed the bank in all instances for the labor of his helper at forty cents an hour regardless of the fact that at times he paid his helper but thirty cents an hour.

As long as these facts remain in the finding the Commissioner must be sustained. The Morganelli case, upon which the claimant relies is quite similar in many respects, but the instant case has one vital distinguishing feature. The Commissioner has found, whether as a primary fact or as an ultimate one which he had the right to draw by inference, that the deceased had contracted to do certain work by his own means according to his own methods and without being sub-

ject to the bank's control beyond the designation of the work to be done and the approval of the result. In the Morganelli case no such fact was found.

Accordingly, the appeal is dismissed.