ALLEN V. TAYLOR *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 159442

Memorandum filed June 6, 1969

*Allen V. Taylor,* pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Carl D. Eisenman,* assistant attorney general, for the defendant administrator.

RUBINOW, J. It appears from the record in this case that on November 9, 1968, the plaintiff filed a claim for benefits; on December 5, 1968, the administrator found him ineligible for benefits from November 3, 1968; an appeal, dated December 10, 1968, was heard on January 21, 1969, in Elizabeth City, North Carolina; and the commissioner's decision, dated January 28, 1969, affirmed the administrator's finding of ineligibility.

The commissioner, in his decision, found: "At all times in issue from November 3, 1968, the claimant failed to make reasonable effort, going to but two places each in search of work; and, in two other weeks, four places—two of which were repeat efforts." Nowhere in the finding does the commissioner specify the period of ineligibility, other than by the phrase "at all times in issue from November 3, 1968"; nowhere in the finding is the clause "going to but two places each in search of work" clarified or made specific as to time; and nowhere is the phrase "in two other weeks" made specific as to time.[1]

The principal ground of the appeal is that the commissioner erred in making the finding recited above. The commissioner treated the appeal as a motion for the correction of the finding, and, even

---

[1] These references to work search may have been made on the basis of the "Continued Claims" filed by the plaintiff and "incorporated" into the record by the appeals deputy in North Carolina. The "Continued Claims" were, however, not read into the record or made an exhibit, are not part of the record on this appeal, and so are not available to the court for a possible clarification of the finding of the commissioner. If the "Continued Claims" were used by the commissioner in arriving at his decision, they should have been made an exhibit or read into the record; and the plaintiff should have had an opportunity to know what was in them and, if he desired, to introduce evidence with respect to them.

though the plaintiff did not comply with Practice Book § 438, the commissioner filed a transcript of the evidence. This accords with the policy of our state, in cases involving analogous legislation, not to defeat the spirit of the act by "too strict adherence to procedural niceties." *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167.

As noted previously, the commissioner affirmed the administrator's determination that the plaintiff is ineligible for benefits "from November 3, 1968," but the period of ineligibility is not further specified other than by the statement in the finding that the plaintiff failed to make reasonable efforts (to obtain work) "[a]t all times in issue from November 3, 1968." Since the commissioner hears the claim de novo (General Statutes § 31-242), this quoted phrase probably should be interpreted as covering the period to the date of the hearing, January 21, 1969. Although this is a period of some eleven weeks, the finding of the commissioner mentions only "in two other weeks," without specifying what occurred in any other week or weeks other than the unclear reference "going to but two places each in search of work." If the latter clause was intended to apply to all weeks from November 3, 1968, to January 21, 1969, the reference to "two other weeks" would be self-contradictory.

This lack of specificity with reference to the period of ineligibility requires a remand to the commissioner, for two reasons. First, under General Statutes § 31-235, failure to make a reasonable effort to obtain work results in ineligibilty only with respect to the particular week in which there has been the failure to make the reasonable effort. In other words, a claimant may fail to make reasonable efforts to obtain work during one week but make such efforts during the following week. In that

event, he would be ineligible during the first week but would not be ineligible on the "failure-to-make-reasonable-efforts" ground during the second week. Hence, even assuming that the commissioner's determination is correct with respect to the "two other weeks" in which the commissioner found reasonable efforts were not made, the failure to make reasonable efforts during those two weeks would not automatically result in ineligibility during every other week.

Second, as previously noted, the hearing on the appeal from the administrator's decision was held on January 21, 1969. Obviously, the commissioner's decision, dated January 28, 1969, could not have decided any question of eligibility, at least on the failure-to-make-reasonable-efforts ground, for any week subsequent to January 21, 1969, and it may be that the commissioner intended his decision to apply only to some period ending earlier than that date. Whatever the latest date covered by the commissioner's ruling is, if the administrator denied benefits during a week subsequent to that date, such denial would not become final unless the plaintiff did not appeal "within seven days after . . . notification was mailed to his last-known address." General Statutes § 31-241. In other words, for any period subsequent to the period covered by the commissioner's decision, the plaintiff is entitled to a new notification and a new seven-day period thereafter within which to take another appeal. It is, therefore, important for both the plaintiff and the administrator to know precisely the period covered by the commissioner's decision; the plaintiff, so that he may protect his right to appeal in the event of a denial subsequent to that period; the administrator, so that he may issue a notification of any such subsequent denial, as required by the statute as a condition precedent to the finality of his decision.

Since, as previously noted, the plaintiff's status as to eligibility or ineligibility may vary from week to week, the subordinate facts found by the commissioner should be sufficiently specific to show the grounds for his conclusion regarding any given week. If that is not done, there is no basis for sustaining his conclusion, even under the limited review of the commissioner's finding permitted by the statute and the rules. General Statutes § 31-249; Practice Book §§ 435, 627; see *Palumbo* v. *George A. Fuller Co.,* 99 Conn. 353, 355. Accordingly, on the remand the commissioner may hear such further testimony as shall be necessary to clarify and make more specific his decision and permit a full determination of the rights of the parties. See *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 36.

Judgment may enter sustaining the appeal and remanding the case to the commissioner for further proceedings in conformity with this opinion.