ALEXANDER G. CARTER *vs.* HENRY C. ROWE ET ALS. (HENRY C. ROWE ET ALS. APPEAL FROM COMPENSATION COMMISSIONER.)

Third Judicial District, New Haven, June Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A personal injury may arise out of and in the course of one's "employment," within the Workmen's Compensation Act, although suffered before actual work begins or after it has ceased.

In the present case the plaintiff reported at the defendants' boat, upon which he had agreed to work, at the appointed hour, and was then informed that the boat would sail six hours later and that he might use the intervening time as he pleased. Accordingly he left his luggage on the boat and went ashore, returning about an hour before the boat was to sail, and in passing through the defendants' premises in the dark, over a reasonable route, fell and received the injuries for which he claimed compensation. *Held* that under these circumstances the injury arose out of and in the course of the plaintiff's "employment."

Argued June 6th—decided July 6th, 1917.

APPEAL by the defendants from a finding and award of the Compensation Commissioner for the third district in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Webb, J.;* award confirmed and appeal dismissed, from which the defendants appealed. *No error.*

*Patrick Healey,* for the appellants (defendants).

*L. Erwin Jacobs,* for the appellee (plaintiff).

WHEELER, J. The finding of the Commissioner recites these facts: On September 23d, 1916, the plaintiff entered into a contract of employment as a hand upon the defendants' boat, and was instructed by the defendants to report for duty on the boat which was to sail at five o'clock in the afternoon of September 24th. The plaintiff reported on the boat shortly before the hour of sailing. He was then informed that the boat would sail at eleven o'clock, and shortly went ashore, leaving his baggage on the boat. About ten o'clock in the evening he returned to the premises of the defendants, and while going through their yard to board the boat fell in the darkness and suffered injuries, for which he claims compensation.

The sole ground pursued on the appeal to this court is that the trial court erred in deciding that the injury arose in the course of and out of the employment of the plaintiff.

Carter's employment was to have begun at five o'clock, and from the time he entered his employers' premises in order to reach the boat until he boarded her shortly before five, he was doing something incidental to his employment and reasonably within its period. Employment may exist before actual work begins, just as it may continue after actual work has ceased. When

Carter *v.* Rowe.

he left the boat and went ashore he was, so far as the finding of the Commissioner discloses, engaged upon his own business or pleasure, and not in the course of his employment. From the memorandum of the Commissioner it appears that this question was not raised before him, which explains its absence from his finding. If Carter left the boat without orders and without permission, he voluntarily left his place of employment, and such dangers as he thereafter encountered could not be held to have arisen in the course of or out of his employment. Any injury so suffered occurred outside the place of his employment, since that was on the boat and not on shore, and while he was bent upon his own business and not upon the duties of his employment. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320; *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 118, 96 Atl. 368; *Warren* v. *Hedley's Colliery Co., Ltd.*, 6 B. W. C. C. 136. In his memorandum of decision the trial judge says: "He [Carter] was given permission to use the intervening time as he pleased." The parties, at least in the oral argument, have argued the cause as if this fact were a part of the finding before us. If we so assume, it would follow that Carter had been given the privilege of using his time at his will, and of leaving the boat and his employers' premises and returning at his pleasure. This permission would be subject to an implied qualification that he should return a reasonable time before the boat sailed and by a reasonable route over the owners' premises.

The defendants have argued the case upon the theory that the employment of Carter began at eleven o'clock instead of at five o'clock. If their assumption were to be made, it would not follow, in the absence of express contract to the contrary, that Carter could not have boarded the boat an hour before she sailed. That, it seems to us, would not have been an un-

reasonable time to have sought the place of employment before the boat was to sail. Carter might well have supposed there would be duties to perform sometime before the sailing. *Fitzpatrick* v. *Hindley Field Colliery Co.*, 4 Minton-Senhouse W. C. C. 7.

If Carter left the boat by permission, and while returning to it and his work he was injured upon his masters' premises, and while he was proceeding over a not unreasonable route and while he was at a place where he had a right to be, and within the period of his employment, which began at five o'clock, he was injured in the course of his employment and his employment was a proximate cause of his injury.

There is no error.

In this opinion the other judges concurred.