MARY A. McDONALD *vs.* THE GULF REFINING COMPANY.

Third Judicial District, Bridgeport, October Term, 1922.

WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

The right of the Superior Court to correct the finding of a Compensation Commissioner is similar to that exercised by this court over a finding of the Superior Court. Accordingly, the finding will not be corrected by striking therefrom statements of fact which are supported by evidence or by inferences from facts in evidence, nor by incorporating in the finding statements of fact which are not admitted or undisputed.

The "impression" of a Compensation Commissioner has no proper place in a finding of facts; but its inclusion is a harmless error, as it must necessarily be disregarded on appeal.

A night watchman at the defendant's plant in Waterbury, while going in the evening, as was his custom, to a restaurant several hundred yards from the plant to get food for a watch dog kept on the premises by direction of the defendant's superintendent and regularly fed by the watchman pursuant to the superintendent's request, was struck and killed by a trolley-car in crossing the tracks. *Held* that upon these facts the commissioner was warranted in finding that the decedent was performing duties reasonably incidental to his employment when he was injured, and therefore that the injury arose "out of and in the course of his employment," thus entitling his widow to full compensation.

Argued October 25th—decided December 11th, 1922.

APPEAL from a finding and award of the Compensation Commissioner of the fifth district in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Haines, J.;* the court confirmed

the finding and award of the Commissioner and dismissed the appeal, and from this judgment the defendant appealed.   *No error.*

*DeLancey S. Pelgrift,* for the appellant (defendant).

*Albert P. Bradstreet,* for the appellee (plaintiff).

CURTIS, J.   Michael McDonald, husband of the plaintiff, was injured on September 10th, 1921, by coming into collision with a trolley-car, and as a result of such injury died on October 10th, 1921. The plaintiff claims that she is entitled to compensation from the Gulf Refining Company, his employer, on the ground that the injury arose out of and in the course of his employment.

It is essential at the outset to determine whether the trial court erred, in any way prejudicial to the defendant, in refusing to correct the finding of the commissioner as requested by it.

An examination of the evidence discloses that the facts found by the commissioner, which it is sought to have stricken out of the finding, were supported by evidence or reasonable inferences from facts in evidence, and that the facts which the defendant sought to have incorporated in the finding were not admitted or undisputed facts.

In relation to correcting a finding of a commissioner, we said, in *Rainey* v. *Tunnel Coal Co.,* 93 Conn. 90, 94, 105 Atl. 333: "'The power of the Superior Court in the correction of a finding of a Compensation Commissioner is analogous to, and its method of correcting the finding similar to, the power and method of this court in correcting the findings of the Superior Court.'" See Practice Book, 1908, p. 268, § 10. The "impression" of the Commissioner, found in a portion of

paragraph 12 of his finding, has no proper place in the finding, but its inclusion is a harmless error as, upon an appeal, it would necessarily be disregarded. The trial court did not err in refusing to correct the finding.

Under the finding it appears that the Gulf Refining Company conducted a plant in Waterbury where it stored oil and gasoline, and from which it sent out vehicles to sell the same. Motor-trucks and five horses were kept on the premises, and the situation of the plant was such that it needed to be policed and watched with care. Lucien Strassel was, at the time in question, and had been for sometime before, the acting agent of the Gulf Refining Company at Waterbury; and had charge and custody of the plant. The deceased, Michael McDonald, was the night watchman at the plant, and also took care of the five horses and the barns on the plant. His hours at the plant were from 6 p. m. to 6:30 a. m. He received orders as to his duties there from Mr. Strassel.

Several months before September 10th, 1921, Mr. Strassel arranged to have a dog kept at the plant which he thought would be a good watch dog. This dog stayed there for a time, but was not a success as a watch dog. Mr. Strassel, a month or so before September 10th, having in mind that the situation of the plant was such that it was for the well-being of the company that there should be a watch dog there, brought to the plant a half-grown bull dog of his own, and it was kept there by his direction and was a good watch dog. The deceased did not know that Strassel owned the dog. Mr. Strassel asked the deceased to feed the dog, and he did so regularly, to Strassel's knowledge. The deceased reasonably believed that the dog was kept at the plant by the superintendent of the plant as a watch dog to assist him in guarding the plant. The deceased went to the restaurant of one Curtin, three or four

evenings in a week, to get scraps of food for the dog.
The restaurant was six or seven hundred yards from
the plant.   On the evening of September 10th, 1921,
the deceased, having finished his several duties in the
care of the barn and horses, went toward the restaurant
to get food for the dog, and in crossing the trolley-tracks
on his way was struck by a car and so injured that he
died on October 10th, 1921.

The Commissioner found that the deceased was per-
forming duties reasonably incidental to his employment
when he was injured, and that therefore the injury
was one arising out of and in the course of his employ-
ment, and awarded the plaintiff, the widow of the de-
ceased, full compensation.   The defendant claims that,
under the facts, the finding that the injury of the de-
ceased arose out of and in the course of his employ-
ment is not warranted.

"An injury arises out of an employment when it
occurs in the course of the employment and is the re-
sult of a risk involved in the employment or incident
to it, or to the conditions under which it is required
to be performed.   The injury is thus a natural or neces-
sary consequence or incident of the employment or
of the conditions under which it is carried on.   Some-
times the employment will be found to directly cause
the injury, but more often it arises out of the con-
ditions incident to the employment.   But in every case
there must be apparent some causal connection be-
tween the injury and the employment or the con-
ditions under which it is required to be performed,
before the injury can be found to arise out of the em-
ployment."   *Marchiatello* v. *Lynch Realty Co.,* 94
Conn. 260, 263, 108 Atl. 799.

Under the finding and necessary inferences from the
facts found, the superintendent, Strassel, kept the dog
at the plant for the benefit of the company as a watch

dog, and directed the deceased to procure food for the dog as a duty under his employment, and his going to the Curtin restaurant for scraps of food for the dog was a reasonable performance of this duty under the conditions disclosed. Danger arising from crossing trolley-tracks when going to the restaurant was a risk involved in or incident to, procuring food for the dog. Therefore the injury was a natural consequence of a risk involved in the conditions under which he performed his duty of procuring food for the dog.

There is no error.

In this opinion the other judges concurred.