KATHERINE RUCKGABER *v.* MARGERY J. CLARK ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 4—decided November 8, 1944.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*Ernest L. Josem,* for the appellee (plaintiff).

BROWN, J. The commissioner's finding, amplified by the single minor correction made by the Superior Court, contains these material facts: The plaintiff and her husband were employed by Mrs. Clark, hereinafter referred to as the defendant, as domestics in her home in Darien for the joint compensation of $150 per month plus room and board for both. The job was a full time one although the more active duties were performed between 6:30 a.m. and 8:30 p.m. At all

times, the plaintiff was required to give attention to the defendant's seven-months-old baby in addition to doing the cooking and upstairs work. Unless she obtained express permission, the plaintiff had no time off other than Thursday, which was designated as her "day off." On Thursday, April 23, 1942, the plaintiff visited friends in East Norwalk and inadvertently left her glasses there. She habitually used these glasses, in the discharge of her duties, for close work, as this required the correction of her vision which they afforded. The next morning she told the defendant about having left the glasses and that it was hard to see without them. The defendant told her that she would have to go and get them after dinner, and Mr. Clark, upon learning of the situation at 6:45 that evening, ordered the plaintiff and her husband to drive over after dinner to get the glasses. After she had served the dinner, the plaintiff was driven by her husband in his car to the friends' house in East Norwalk. The plaintiff entered the house, secured her glasses and in about five minutes came out. In returning to the car at approximately 7:45 p.m., within two steps of it she tripped or slipped on some defective concrete paving and fell, suffering severe injuries.

The commissioner reached the conclusion that these injuries were sustained as a result of an accident arising out of and in the course of the plaintiff's employment and awarded her compensation. On appeal to the Superior Court this conclusion was sustained, although the court did remand the case for further proceedings with reference to a provision in the award directing payment to the plaintiff's husband to compensate him for loss of earnings while caring for her. The questions presented upon appeal to this court are whether the finding should have been further corrected and whether the facts found support the commissioner's

conclusion. Upon the record it is manifest that there was no error in the court's refusal to correct the finding. The question determinative of the appeal therefore is whether the conclusion was reached "as a result of an incorrect application of some rule or principle of law to subordinate facts, or because of an inference illogically drawn from subordinate facts." *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 357, 122 Atl. 63; *Drouin* v. *Chelsea Silk Co.*, 122 Conn. 129, 131, 187 Atl. 904; *Mulligan* v. *Oakes*, 128 Conn. 488, 490, 23 Atl. (2d) 870.

The three tests prescribed by our decisions for determining whether an injury arose in the course of employment are: (1) Did it take place within the period of the employment? (2) Did it occur at a place where the employee could reasonably be? (3) Did it take place while he was reasonably fulfilling the duties of the employment or doing something incidental to it? *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 308, 97 Atl. 320; *Stakonis* v. *United Advertising Corporation*, 110 Conn. 384, 389, 148 Atl. 334; *Ryerson* v. *Bounty Co.*, 107 Conn. 370, 372, 140 Atl. 728. There can be no dispute that the facts found satisfy the first two of these requisites. The plaintiff's injury occurred not only within the hours of her employment but during the hours of her active duty, and it happened at a place where she could reasonably have been since she was there pursuant to the defendant's express instructions. In view of these instructions, the mere fact that the injury occurred at a place other than the plaintiff's usual place of employment is not controlling. "If an employee is obeying specific instructions of the employer, though outside the sphere of his original employment, he is still in the course of his employment." *Stakonis* v. *United Advertising Corporation*, supra. The facts found are also sufficient to satisfy

the third requisite. These show that the use of her glasses by the plaintiff was essential to the proper discharge of a material part of the duties of her employment, and that the defendant, realizing this, ordered her to go to get them as she did.

The remaining question is whether the plaintiff's injury arose out of the employment. To have so arisen it must (1) have occurred in the course of the employment, and (2) have resulted from a risk involved in the employment or incident to it, or to the conditions under which it is to be performed. *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 799; *Stakonis* v. *United Advertising Corporation*, supra, 390. The first requisite is met, as already pointed out. The situation shown by the finding also satisfies the second. The essential causal connection between the injury and the employment or the conditions incident thereto, by reason of the fact that the trip for the glasses was made for the parties' mutual benefit and pursuant to the specific order of the defendant, is manifest. The causal connection so evidenced falls well within the principle as repeatedly applied in decisions of this court. See *McDonald* v. *Gulf Refining Co.*, 98 Conn. 286, 119 Atl. 222; *Ohmen* v. *Adams Bros.*, 109 Conn. 378, 387, 146 Atl. 825; *Stakonis* v. *United Advertising Co.*, supra, 390; *Lovallo* v. *American Brass Co.*, 112 Conn. 635, 640, 153 Atl. 783; *Iliff* v. *Norwalk Tire & Rubber Co.*, 127 Conn. 248, 250, 16 Atl. (2d) 481; *Taylor* v. *M. A. Gammino Construction Co.*, 127 Conn. 528, 532, 18 Atl. (2d) 400. The case of *Mulligan* v. *Oakes*, supra, in which compensation was denied, relied upon by the defendant as requiring a conclusion contrary to that which we have stated, is clearly distinguishable upon its facts. In that case there was nothing more than a permissive use of the defendant's automobile by the plaintiff and her hus-

band for their own pleasure and recreation, except for a service to the defendant too incidental to affect the nature of the trip they were taking (see p. 492); whereas in this case the plaintiff was engaged in doing something at the direction of the defendants which would be of mutual benefit to all parties.

There is no error.

In this opinion the other judges concurred.