MILTON WATERS *v.* SERVICE OIL COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 2—decided November 8, 1945.

*Harold K. Watrous,* with whom, on the brief, were *Daniel G. Campion* and *James McGrath,* for the appellants (defendants).

*Frank J. Culhane,* with whom, on the brief, was *John Keogh,* for the appellee (plaintiff).

ELLS, J. This is an appeal from a decision of the Superior Court dismissing an appeal by the defendant from an award of workmen's compensation to the plaintiff. The issue is whether the court erred in sustaining the commissioner's conclusion that the injury arose out of and in the course of the employment.

In the recent case of *Ruckgaber* v. *Clark,* 131 Conn. 341, 39 Atl. (2d) 881, we reiterated our definition and explanation of the phrase in question and do not here repeat them. The law is clear, but its application to the facts of a case is often difficult. The finding of facts by the commissioner has not been attacked. The plaintiff was employed to make emergency repairs to oil burners and under his contract was required to be available for this work twenty-four hours a day, seven days a week. On Sundays and holidays he held himself in readiness for emergency calls by telephone. He

received such calls on an average of three Sundays each month. At the conclusion of each job he prepared time slips at the rate of seventy-five cents an hour and turned them in later at the office. A necessary condition of the employment was the ownership of an automobile, the gasoline and oil for which were furnished by the employer. In order to cover the territory assigned to him and in pursuance of the contractual obligation imposed upon him, he kept and maintained a car at his own expense; except as stated above. It was kept in constant readiness for use in his employer's business, with tools for making repairs to oil burners always in it, and was rarely used for personal purposes. On weekdays the plaintiff drove it to the defendant's office and proceeded in it to make oil burner repairs as directed. One Sunday morning, at his home, he jacked up the car to make repairs on the gasoline tank. The jack slipped and the car dropped down and injured him. About ten minutes after the accident a telephone call came in for him to make an emergency repair for his employer. The defendant employer knew that the plaintiff made necessary repairs to the car in order that it might be available for use on emergency calls. On weekdays the plaintiff would notify the employer that he was making repairs to the car, so that the employer could schedule the plaintiff's work accordingly. On the day of the accident, Sunday, the plaintiff did not notify the defendant that he was making necessary repairs.

The first issue is whether the plaintiff's injury arose in the course of his employment. It must appear that it took place within the period of the employment, at a place where he could reasonably be, and at a time when he was reasonably fulfilling the duties of the employment or doing something incidental to it. *Ruckgaber* v. *Clark*, supra, 343. The essence of the defend-

ant's claim is that the injury did not occur during the period of the employment, because the plaintiff was making repairs to the automobile at home, on Sunday, at a time when he was receiving no pay. The finding is that he was on duty for his employer twenty-four hours each day, including Sundays. The defendant retained direction and control of him at all hours. His status of employment differed materially from that of the ordinary employee who definitely finishes his work at a stated hour and may then go where he desires and do what he pleases until he again reports for work. In *Ryerson* v. *A. E. Bounty Co.*, 107 Conn. 370, 373, 140 Atl. 728, we summarily dismissed a similar claim by saying: "He was on duty for his employer twenty-four hours each day." See also *Howe* v. *Watkins Bros.*, 107 Conn. 640, 644, 142 Atl. 69. That he was not receiving any stated pay at the time he was injured is not of controlling importance. Undoubtedly the wages he received were intended to compensate him for his time and work in keeping his automobile in condition to use whenever there was need.

The injury occurred at a place where the plaintiff could reasonably be and at a time when he was reasonably fulfilling the duties of his employment or doing something incidental to it. The contract of employment contemplated that when at home on Sundays he would be ready to go out on emergency calls. He was making necessary repairs to the automobile so as to be able to go on a call when it came in. This was necessarily contemplated by his contract of employment and the employer knew that the plaintiff made such repairs in order that the car might be available for use on emergency calls. He was doing work for his employer's benefit, not for his own. The conclusion of the commissioner that the plaintiff's injury

arose in the course of his employment is one that he could reasonably reach.

The remaining question is whether the plaintiff's injury arose out of the employment. The first requirement, that it must have occurred in the course of the employment, was fulfilled, as already pointed out. The second is that it must have resulted from a risk involved in the employment or incident to it or to the conditions under which it was to be performed. There must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed. The employment involved the use of an automobile and its repair so that it would be kept in constant readiness for use in the employer's business. The injury could reasonably have been found to have resulted from a risk involved in the employment, or incidental to it.

The defendant relies on *Howe* v. *Watkins Bros.*, supra, a case where the facts were similar to those of the present case in many respects. We held that the injury arose in the course of the employment, but that the finding, as corrected, did not justify the inference that it arose out of the employment, and we remanded the case for the taking of further evidence to clarify the point. The commissioner found that the plaintiff, in accordance with the custom prevailing in his employers' business of keeping its vehicles clean, decided that the car ought to be cleaned so that it might be presentable in responding to whatever business calls might come in, and that in washing the car his chief object was to have it in a clean condition for the employers' business, which condition was a distinct benefit to his employers. We said (p. 644) that if this finding could be supported it would be difficult to avoid the conclusion that he was in the course of his employment, "for while at the time he was not engaged in any

duty pertaining to it, he was, during the period of the day when he suffered his injury, and in fact during the entire twenty-four hours of the day, subject to the call of his employment or the order of his employers. Moreover, upon the finding it is evident that the automobile was, on the afternoon in question, so far devoted to the employers' business that, had the claimant been injured by reason of any use to which he was putting it in furtherance of that business, it would not be possible to escape the conclusion that the injury arose out of the employment." The finding was attacked, however, and we corrected it to show that the car was primarily one maintained by the plaintiff for his own uses and purposes, that any use in connection with the business was very incidental, and that he was washing this car for his own purposes rather than for the purpose of serving his employers' business. Having made these corrections, we decided that the commissioner's conclusion that the injury arose out of the employment could not be sustained.

In the present case, the commissioner concluded that the repair of the gas tank was necessary to the maintenance of the car in order that the plaintiff might be able to fulfill the duties of his employment, and that while making this necessary repair the plaintiff was injured. The subordinate facts sustain this conclusion. Under such circumstances it is a reasonable conclusion that the repair of the car was an incident of the plaintiff's employment and that his injuries occurred while he was acting, in that connection, primarily for the benefit of his employer. The causal connection between his employment and injury is not open to question.

There is no error.

In this opinion the other judges concurred.