STANLEY KUHARSKI *v.* BRISTOL BRASS CORPORATION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 6, 1945—decided January 29, 1946.

*Edward S. Pomeranz,* for the appellants (defendants).

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole* and *Arthur W. Feinstein,* for the appellee (plaintiff).

JENNINGS, J. This appeal from an award of compensation involves an injury on a highway adjacent to the place of employment. It is, in effect, an attack on the conclusions of the commissioner on the ground that they are not supported by the subordinate facts. The finding, as corrected by the Superior Court, may be summarized as follows: Broad Street is a heavily traveled road between Bristol and Plainville. The Bristol Brass Corporation, hereinafter referred to as the defendant, operates a plant situated on both the north and south sides of Broad Street, and its property is about one thousand feet in length. It is fenced off along the sidewalk lines, but there are gates in the fences opposite a reinforced concrete crosswalk, used principally for trucking, constructed across the highway by the defendant to connect the north and south plants. There is also a parking lot on the westerly part of the defendant's premises, south of Broad Street, in which employees park their cars.

The defendant's labor relations committee was divided into subcommittees, one of which was the transportation committee. Harold Cook was chairman of this subcommittee. His duties chiefly concerned applications to ration boards for supplemental gasoline. He made himself available at various times at different places in the plant so that men who desired to

have applications executed for presentation to the ration board could have the benefit of his services, advice and approval. The employee could apply directly to the ration board if he so desired, but in that event the application had to be sent to Cook to obtain certification that the employee was employed on war work.

On July 11, 1944, the plaintiff came to work by automobile about 6:40 a.m. His actual work day would have started in a building on the south side of Broad Street at 7 a.m. He parked his car in the company lot on the south side of Broad Street, came out of a gate and walked east along the public sidewalk with an application for gasoline in his hand. When he reached a point very close to the crosswalk he noticed Cook standing on the north side of the street on the defendant's property near the gate to the north plant. The plaintiff crossed the street and handed the application to him. The latter accepted it, took it into the gatehouse and read it. In the ordinary course of events he would examine it, certify to the correctness of the statements if in fact they were correct and submit it to the ration board for action. The plaintiff was returning to the gate to the south plant and was on the crosswalk in the highway when he was struck and injured by an automobile driven by a third party, not employed by the defendant.

On these facts the commissioner concluded that Broad Street was a special hazard to employees of the defendant and that therefore injuries which occur on Broad Street while an employee is in the zone of his employment arise out of and in the course of that employment; he concluded further that the plaintiff was crossing the highway in pursuance of a project which was of mutual benefit to him and the defendant and was within the zone of his employment.

Injuries, to be compensable, must arise out of and in the course of the employment. General Statutes, § 5226. The defendant claims that the plaintiff's injuries did not arise in the course of his employment because his day's work had not begun; and that they did not arise out of it because they were suffered while the plaintiff was on the public highway. Neither of these admitted facts is conclusive against the plaintiff. As has been stated, the defendant had a labor relations committee, with a subcommittee on transportation of which Cook was chairman. The work of this committee was for the mutual benefit of the plaintiff and the defendant. The plaintiff, going to work, saw Cook standing at the gate on the defendant's property and crossed the street to give him the papers. In view of the mutual benefit to the plaintiff and defendant, the commissioner was justified in concluding that the defendant had made the work done by Cook an incident of the employment. *Merlino* v. *Connecticut Quarries Co.*, 93 Conn. 57, 60, 104 Atl. 396; *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365, 368, 150 Atl. 110; *Boulanger* v. *First National Stores, Inc.*, 115 Conn. 665, 670, 163 Atl. 261; *Drouin* v. *Chelsea Silk Co.*, 122 Conn. 129, 134, 187 Atl. 904; *Taylor* v. *M. A. Gammino Construction Co.*, 127 Conn. 528, 532, 18 Atl. (2d) 400. The commissioner was therefore justified in also concluding, in effect, that the plaintiff, in crossing the street, was in a place where he could reasonably be in furtherance of his employment and that the injury arose in the course of his employment. *Ruckgaber* v. *Clark*, 131 Conn. 341, 343, 39 Atl. (2d) 881; and see *Fiarenzo* v. *Richards & Co.*, 93 Conn. 581, 585, 107 Atl. 563.

An injury which occurs in the course of the employment ordinarily arises out of it. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 309, 97 Atl.

320. That is so here because the plaintiff was doing something incidental to his employment. *Boulanger* v. *First National Stores, Inc.,* supra, 671; *Ruckgaber* v. *Clark,* supra, 344. The conclusions of the commissioner that the injury arose out of and in the course of the employment were reached neither because of an incorrect application of a rule of law to the facts nor because the inferences were illogically drawn. *Wilder* v. *Russell Library Co.,* 107 Conn. 56, 62, 139 Atl. 644; *Drouin* v. *Chelsea Silk Co.,* supra, 131. The modern tendency is toward a more liberal view as to compensability of injuries resulting from street risks. Note, 51 A.L.R. 514. The conclusions of the commissioner must stand, and they justify the dismissal of the appeal.

The brief of the defendants relies most strongly on the recent case of *Flodin* v. *Henry & Wright Mfg. Co.,* 131 Conn. 244, 38 Atl. (2d) 801, and particularly on the fact that the day's work of the plaintiff had not begun. As has been stated, the latter fact is not conclusive. *Carter* v. *Rowe,* 92 Conn. 82, 83, 101 Atl. 491. The *Flodin* case was the ordinary one of a workman approaching the premises of his employer but who had not reached them and was still on the public highway. It was held that the conclusion of the commissioner that the injury did not arise out of and in the course of the employment was warranted. In the case at bar the plaintiff was not using the street as one of the general public but in reasonably pursuing an incident of his employment. The *Flodin* case is not controlling.

There is no error.

In this opinion the other judges concurred.