WILLIAM A. KING v. FOSKETT & BISHOP CO. ET AL.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 66582

Memorandum filed September 12, 1946.

*Nathan G. Sachs,* of New Haven, for Plaintiff.

*Martin E. Gormley,* of New Haven, for Defendants.

CORNELL, J. This appeal is from a finding and award under the Workmen's Compensation Act ordering payments of $30 per week for incapacity from January 5 through April 1, 1945, inclusive, and the same sum per week commencing April 12, 1945, for a period of twenty-four weeks for the permanent loss and loss of use of 50 per cent of the left index finger, to-

gether with reasonable medical expenses. The appeal challenges the validity of the award on the ground that the injuries for which it compensates did not arise out of and in the course of plaintiff's employment with defendant, Foskett & Bishop Co. While a transcript of the evidence has been filed there is no occasion for consulting it since the instant appeal does not challenge the correctness of any of the subordinate facts which appear in the finding. *Klautka* v. *Stanley Works,* 100 Conn. 345, 347. The question is whether the commissioner could have reached his ultimate conclusion on the subordinate facts that plaintiff's injury arose out of and in the course of his employment without offense to reason or because he failed to apply or misapplied some pertinent legal principle. In somewhat abbreviated form, the material subordinate facts are these:

For about twenty-two years prior to the date of the accident out of which plaintiff sustained his hurts he had been, and when the injury occurred was, in the defendant's employ as a steamfitter. Such was the case on January 4, 1945, when and for a period prior thereto, he was in charge of work being done by defendant for a concern at Naugatuck in this state. The plaintiff was instructed by his superior to transport himself and two fellow workmen from New Haven to the job and to pick up these men at certain agreed places. He was assisted by his employer in obtaining extra gasoline ration coupons for these trips and was paid by his employer at the rate of six cents per mile for making them. In pursuance of such instructions, plaintiff on the morning of January 4, 1945, drove to the corner of Boulevard and Congress Avenues in the city of New Haven where he met and took into his car one of the men whom he was to transport to the job in Naugatuck. He then proceeded to the intersection of Whalley Avenue and Dayton Street in the same city where he met and took aboard the other man. Had it not been for the events which followed, he would have driven from the last mentioned point directly to the job at Naugatuck. However, before the trio got under way, it was discovered that one of the tires on the plaintiff's car was flat. While plaintiff was jacking up his car preparatory to changing the tire, the jack slipped, causing the plaintiff's left index finger to be crushed and inflicting the injuries upon which the award is based. The finding does not specifically state at what hour plaintiff, under the condition of his employment, was required to commence work or report therefor at Naugatuck, nor does it appear by direct affirmation whether the hour at which

he was collecting the other two employees for conveyance to Naugatuck was within the period of the day allocated to the performance of his regular duties at the job in Naugatuck. These omissions might well have been made the subject of a motion to correct the finding by causing such information to be incorporated in it if defendant considered it material. However, if the accident occurred during plaintiff's regular working hours, it would be apparent that the case would be governed by the opinion in *Ruckgaber* v. *Clark*, 131 Conn. 341, in which event the finding and award would obviously be sustainable. Since the parties assume, however, that the accident involved happened before plaintiff's daily labors for defendant commenced and while plaintiff was on his way to work, it will be treated accordingly here.

Whether, under the subordinate facts referred to supra, the plaintiff's injuries were incurred in the course of his employment depends upon whether the accident happened within the period of his employment, at a place where he could reasonably be or while he was reasonably fulfilling the duties of his employment or doing something incidental to it. *Waters* v. *Service Oil Co.*, 132 Conn., 388, 390; *Ruckgaber* v. *Clark*, supra, and cases cited. There can be no question that plaintiff was at the site of the accident at the time when it occurred in pursuance of the directions of the defendant employer and in the performance of a task incidental to his employment, the doing of which was for defendant's benefit. The specific conduct in which he was engaged when injured—that of jacking up the car to take off the flat tire and replace it with a usable one—was palpably necessary to enable him to carry out the duty imposed upon him by his employer.

This case differs, it is true, from *Ruckgaber* v. *Clark* and *Waters* v. *Service Oil Co.*, both supra, in that in both of the latter the accident involved occurred during the period of employment, while that here happened, on the assumption made supra, before the time when plaintiff's working hours as a steam fitter had arrived—hence outside the period of his regular employment. That fact alone, however, is not conclusive that plaintiff's injuries did not occur in the course of his employment, since it is also found that at that time he was acting for the benefit of the defendant employer and was engaged in conduct which the commissioner was justified in finding was a condition annexed to the employment by it. *Kuharski* v. *Bristol*

*Brass Corporation,* 132 Conn. 563, 566. In the commissioner's conclusion that plaintiff's injuries were sustained in the course of his employment within the intendment of the act there is nothing unreasonable or illogical, and under the principles es-tablished in the cases cited no illegality appears. It must, there-fore, stand. "An injury which occurs in the course of the em-ployment ordinarily arises out of it . . . That is so here because the plaintiff was doing something incidental to his employ-ment." *Kuharski* v. *Bristol Brass Corporation,* supra.

The finding and award are sustained; the appeal is dismissed. Judgment accordingly.