JOSEPH FURJESZ v. THE BULLARD COMPANY ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 79050

Memorandum filed July 15, 1949

*Lee Brooks,* of Bridgeport, for the Plaintiff.

*Francis J. Moran,* of New Haven, for the Defendants.

ALCORN, J. The plaintiff has appealed from a denial of compensation by a workmen's compensation commissioner. The commissioner's conclusion is that plaintiff's injury did not arise out of and in the course of his employment because he was struck by an automobile when about to cross a public highway while returning to his place of employment from an adjacent parking area where he had gone on his own initiative to borrow some cough drops from another employee's car.

Paragraphs 1-4, inclusive of the reasons of appeal seek corrections in the commissioner's finding. The finding describes the highway involved as "Black Rock Turnpike" while the evidence refers to it as "Brewster Street." The inconsistency appears to be of no import, for the plaintiff uses both names for the same street in seeking corrections of the finding. Upon the record, the plaintiff is not entitled to the corrections sought in paragraphs 1-4, inclusive, of the reasons of appeal, nor would they be of advantage to him because they serve only to elaborate in unnecessary detail the basic facts found by the commissioner to support his ultimate conclusion.

Paragraph 5 of the reasons of appeal fails because the conclusion attacked is one of fact which the commissioner could reasonably and legally reach. *Labbe* v. *American Brass Co.,* 132 Conn. 606; *Stulginski* v. *Waterbury Rolling Mills Co.,* 124 Conn. 355, 365.

Upon the facts presented the commissioner's conclusion is warranted by the well-established rule. *Kuharski* v. *Bristol Brass Corporation,* 132 Conn. 563; *Ruckgaber* v. *Clark,* 131 Conn. 341.

The evidential question raised in paragraph 6 of the reasons of appeal seems to assign error in the commissioner's failure to strike out a question and its answer which was admitted over objection. The record discloses no motion to the commissioner to strike out the evidence after his ruling.

The finding and award is sustained and the appeal is dismissed.