MICHAEL BUSHEY *v.* ISELI COMPANY ET AL.
(2134)

HULL, BORDEN and SPALLONE, Js.

Argued December 11, 1984—decision released March 12, 1985

*Edward T. Dodd, Jr.,* for the appellant (plaintiff).
*Richard T. Stabnick,* for the appellees (defendants).

HULL, J. This case raises the issue of whether injuries caused to the plaintiff employee when he skidded on his motorcycle from the public highway into the defendant company's employee parking lot and struck a parked car arose out of and in the course of his employment so that he is entitled to workers' compensation benefits. We conclude that such injuries are not compensable.

On June 21, 1979, the plaintiff, Michael Bushey, was employed by the defendant Iseli Company[1] at its establishment on Greystone Road in Terryville. He was scheduled to work the 4 p.m. to 2 a.m. shift. The employees' parking lot was on the west side of Greystone Road across from the plant. At 4:30 p.m., while Bushey was driving to work on his motorcycle on Greystone Road, he skidded, lost control and thereafter continued to skid approximately one hundred and eighty feet into the employees' parking lot where he struck another employee's parked vehicle, suffering the injuries involved in this case.

The workers' compensation commissioner found in favor of the employer, concluding that "this accidental loss of control did not arise out of or in the course of his employment, nor did the injury resulting therefrom." The plaintiff appealed to the compensation

---

[1] Aetna Casualty and Surety Company, the employer's insurer, is the other defendant in this case.

review division, which affirmed the commissioner's decision. The plaintiff appeals[2] from the decision of the review division.

The plaintiff's argument is that, although the motorcycle began to skid on the public road, it came to rest in the parking lot and his injuries occurred therein. Thus, he asserts, his injuries occurred on his employer's premises and are compensable.[3] We conclude, however, that Bushey did not satisfy the test enunciated in *McNamara* v. *Hamden,* 176 Conn. 547, 556, 398 A.2d 1161 (1979), which states that "[i]n order to be compensable, an injury must (1) arise out of the employment; and (2) occur in the course of the employment. To occur in the course of the employment, the injury must take place (a) within the period of the employment, (b) at a place where the employee may reasonably be, and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it."[4]

While a parking lot maintained for the convenience of employees is an extension of the employment premises; *Hughes* v. *American Brass Co.,* 141 Conn. 231, 234–35, 104 A.2d 896 (1954); this accident occurred on

[2] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[3] It should be noted that counsel conceded, at oral argument, that this is not a "going and coming" case. Rather, it is a case where the plaintiff claims to have been injured on the employer's premises. See *McNamara* v. *Hamden,* 176 Conn. 547, 553, 398 A.2d 1161 (1979). Thus, Bushey's reliance upon three Connecticut cases; *Taylor* v. *M. A. Gammino Construction Co.,* 127 Conn. 528, 18 A.2d 400 (1941); *Stakonis* v. *United Advertising Corporation,* 110 Conn. 384, 148 A. 334 (1930); and *McDonald* v. *Gulf Refining Co.,* 98 Conn. 286, 119 A. 222 (1922); is misplaced since all of those cases involved injuries occuring off of the employee's premises but in the course of the employment.

[4] The review division's decision concerned itself, primarily, with the "in the course of the employment" aspect of this test. Our decision affirming the review division's decision on that aspect of the test necessarily results in the same conclusion as to the review division's similar decision that the "out of the employment" aspect of the test was not met.

a public road which is neither part of the employer's premises nor a reasonable extension thereof within sub-part (b) of part (2) of the test in *McNamara* v. *Hamden,* supra. Further, Bushey was not fulfilling the duties of his employment or doing anything incidental to them within sub-part (c) of that test.

An "accidental injury" is defined by General Statutes § 31-275 (8) as an injury "which may be definitely located as to the time when *and the place where the accident occurred . . . .*" (Emphasis added.) That Bushey eventually came to rest against a car in the parking lot is not relevant in view of the unchallenged finding of the commissioner, as affirmed by the review division,[5] that the accident occurred on the highway.[6]

The decision of the review division can be sustained on the above ground alone. The plaintiff, however, insists that we make an exception to the employer premises rule by adopting the rule enunciated in a New York case, *Husted* v. *Seneca Steel Service, Inc.,* 41 N.Y.2d 140, 359 N.E.2d 673, 391 N.Y.S.2d 78 (1976). There the employee was required to make a left turn into the employee parking lot. While making the turn, he was struck by an oncoming car and was propelled into the lot where he struck another car. The court upheld the decision of the workers' compensation board

[5] In fact, the review division went further than the commission by finding that "[t]he June 21, 1979 accidental injury . . . did not occur on the employment premises and is not an injury arising out of and in the course of the employment."

[6] Even if this finding were challenged by the plaintiff, this court's limited review would prevent our consideration of that challenge. General Statutes § 31-301b provides: "Any party aggrieved by the decision of the compensation review division upon any question or questions *of law* arising in the proceedings may appeal the decision of the compensation review division to the appellate court." (Emphasis added.) "So far as it discloses facts, [the commissioner's] finding cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed." *Wheat* v. *Red Star Express Lines,* 156 Conn. 245, 248, 240 A.2d 859 (1968).

that the employee's injuries were compensable, pointing out that "[t]his turn was made to effect an entry upon employer's premises for work purposes and was thus an incident of the employment." Id., 145.

We do not reach the question of whether a case similar to *Husted* would entitle an employee to benefits in this state. It may be plausibly argued that when the claimant, as in *Husted,* was required to make a left turn into the employer's parking lot and was struck by another car, this was a risk incident to the employment, which justified a narrowly drawn exception to the employer's premises rule and an award of workers' compensation. That, however, is a far cry from the facts of this case. It defies both logic and common sense to conclude that the out-of-control skid involved here can reasonably be considered a risk incident to the employment. It was *necessary* for the claimant in *Husted* to make the particular turn on the highway in order to enter the employee parking lot. By no stretch of the imagination was it necessary for Bushey to make the spectacular entrance on to the company's property that he did. We decline to stretch so unreasonably the concept of risk incident to the employment.

There is no error.

In this opinion the other judges concurred.