[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Friendly Ice Cream Corp. ("Friendly") has moved to strike the plaintiff's complaint, alleging that it is legally insufficient in that the plaintiff Is negligence claim is barred CT Page 9038 by the exclusive remedy provisions of the Workers' Compensation Act, General Statutes § 31-275 et seq. The plaintiff objects to the motion to strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 1152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyvr v. Brookfield, 153 Conn. 261, 263
1965); and the allegations are to be given the same favorable construction as a trier of fact would be required tQ give in admitting evidence under them. Benson v. Housing Authority,145 Conn. 196, 199 (1958) Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchard v. People's Bank, 19 Conn. 465,471 (1991).
General Statutes § 31-284 (a) provides in pertiment part
 An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . .
Friendly contends that the allegations of the plaintiff's complaint set forth a claim for damages for personal injuries which arose out of and in the course of her employment by Friendly. The complaint alleges that on March 3, 1996 Friendly owned or controlled the premises known as 544 "Reedsville" Drive in Waterbury and that the plaintiff was a Friendly employee or that date. It further alleges that at about 8:00 a.m. on that date the plaintiff's stepfather drove her to work. He drove into the Friendly's parking lot, the plaintiff exited the vehicle and she was walking toward the Friendly's building when she slipped and fell on ice or snow, resulting in personal injuries. The complaint further alleges that the plaintiff had not yet begun work at the time of the fall and that her injuries were caused by Friendly's negligence in failing to properly maintain the parking lot.
The issue before the court is whether these allegations demonstrate that the plaintiff's injuries occurred (1) in the course of her employment by Friendly and (2) arose out of her employment by Friendly. If so, her claim is barred by the Workers' Compensation exclusivity provisions. CT Page 9039
"[I]n the course of employment" refers to the time, place and circumstance of the accident and "arising out of" the employment concerns the origin and cause of the accident. Namara v. Hamden,176 Conn. 547, 550 (1979). The plaintiff's injuries allegedly occurred just before she was to begin work, while she was on the employer's premises (the complaint refers to the location as "the Friendly's parking lot") and as a result of the employer's negligence in failing to properly maintain the parking lot. These allegations are sufficient to demonstrate that the plaintiff's injuries arose out of her employment.
The second consideration is whether the plaintiff's injuries occurred "in the course of" her employment. To occur during the course of employment, the injury must happen (a) within the period of employment; (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it. Id., 550-551. An employee is within the period of employment if he or she is on the employee's premises as a result of arriving a little early or leaving a little late. Id, 551. An employee on the premises close to the start of the work day is within the period of employment. Id. The plaintiff's injuries allegedly occurred just before she was to begin work and while she was at a place where she, as an employee, could reasonably be — the Friendly's parking lot immediately adjacent to the restaurant itself.
The third factor is whether the employee was fulfilling the duties of employment or doing something incidental to it. In a case where an employee going to work fell on ice or snow in an employees, parking lot, the Supreme Court held that the going to or departure from work across the employer's property was an incident of employment. Hughes v. American Brass Co.,141 Conn. 231, 234 (1954). The court concluded that the injury therefore occurred in the course of the employee's employment. The same principle is applicable here, where the plaintiff fell in the Friendly's parking lot on her way into the building to go to work.
The plaintiff relies on cases such as Flodin v. Henry Wright Manufacturing Co., 131 Conn. 244 (1944), and Bushey v.Iseli Co., 3 Conn. App. 370 (1985) for her contention that her injuries did not occur during the course of her employment. Both cases are readily distinguishable, however, because in neither case did the accident causing the plaintiff's injuries occur on CT Page 9040 the employer's premises. The plaintiff in Flodin was injured on the public sidewalk adjacent to the public street in front of the employer's premises. In Bushey, the plaintiff was injured when the motorcycle he was riding on a public street skidded on the street and then left the road. Neither case applies to the facts alleged in the case before the court.
The plaintiff Is complaint clearly alleges that she was injured while in her employer's parking lot on her way into the restaurant to work. As a result, her injuries occurred during the course of her employment and arose out of her employment Her claim against Friendly is, accordingly, barred by General Statutes § 31-284 (a) The defendant's motion to strike is granted.
VERTEFEUILLE, J.