### The State vs. Morris Dobkin.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

This court will not undertake to order the trial judge to make a finding of facts, if the party desiring to appeal has neglected to file his request for such a finding during the time allowed by statute therefor.

General Statutes, § 793, provides that the request for a finding must be made within two weeks after the rendition of the judgment, " unless the decision of the court is filed in the months of July or August." *Held* that one desiring to appeal from a judgment rendered in either of those months must file his request for a finding within the first two weeks of September.

Argued January 18th—decided March 8th, 1906.

APPLICATION by the accused, who had been convicted of larceny, for an order directed to the clerk of the Superior Court at Waterbury requiring him to show cause why he should not file the request of the accused for a finding of facts and the accompanying draft of a proposed finding, and for a like order directed to the trial judge requiring him to

show cause why he should not make a finding in the case. *Application denied.*

*John O'Neil* and *Joseph E. Lauber*, for the applicant.

*John P. Kellogg*, Assistant State's Attorney, for the State, was not called on.

TORRANCE, C. J. The statute upon which the application is brought provides, in substance, that in case a judge shall refuse or neglect to make a finding, properly applied for, in an action tried before him, "the supreme court of errors shall upon application of any party to said action . . . order said judge to make and file said finding within such time as said court shall fix." Public Acts of 1905, Chap. 58.

The substance of the application may be thus stated : On July 3d, 1905, in the Superior Court at Waterbury, the applicant was convicted of the crime of theft; on the 6th day of the same month he filed notice of an appeal from the judgment in said cause; and on the 7th day of October, 1905, he delivered to the clerk of said court a written request for a finding in said cause, together with a draft of said proposed finding, to be filed in said cause as required by law. By order of the judge who presided at the trial of the applicant, the clerk refused to file said papers, and the judge has neglected and refused to make any finding. The applicant prayed that an order to show cause might issue against said clerk and said judge, and also a further order requiring the former to file said papers and the latter to make and file a finding.

The statute provides, in substance, that the request to a judge to make a finding must be filed with the clerk within two weeks after the rendition of the judgment, "unless the decision of the court is filed in the months of July or August." General Statutes, § 793 ; Public Acts of 1905, Chap. 24. The applicant claims that this two weeks' limitation of time for filing a request for a finding does not apply to judgments rendered in July or August; but that, as to

such judgments, the request may be filed at any time, or at least within any reasonable time, after the judgment.

This claim is not tenable. As the filing of a request for a finding is an important step in the process of appeal, and as it is one upon which the time for taking other steps in said process depends, it is of great importance that the time for taking it should be fixed and certain; and it is just as important that it be fixed and certain in cases decided in July or August as in cases decided in any of the other months. Originally the two weeks' limitation aforesaid applied to judgments rendered in any month; Public Acts of 1893, Chap. 174; id. 1895, Chap. 100; and the exception with reference to judgments rendered in July or August first appears in § 7 of chapter 194 of the Public Acts of 1897, and is now embodied in § 793 of the General Statutes. The court is of opinion that in making said exception the legislature did not intend, in the excepted cases, to give an unlimited or uncertain time for filing requests for findings; but only to provide that in such cases, in computing the two weeks' limitation, the months of July and August—the vacation months—should be excluded; in other words, it meant to provide that in such cases such requests should be filed within the first two weeks of September. This was the view of the statute intimated in the case of *Bulkeley's Appeal*, 76 Conn. 454; and it commends itself as a reasonable and proper one.

The application shows upon its face, and such is the fact, that the request for a finding in this case was not delivered to the clerk until October 7th, 1905, and the time for filing such request had not been extended. Under these circumstances the clerk was justified in refusing to file the request, and the court was justified thereafter in refusing to make a finding. "One desiring to appeal, who, in a case where a finding is necessary, fails to file his request and draft as, and within the time, prescribed by statute, loses his right to have a finding. *State* v. *Duffy*, 66 Conn. 551; *Scholfield G. & P. Co.* v. *Scholfield*, 70 id. 500." *Bulkeley's Appeal*, 76 Conn. 454, 456.

On the sole ground that the request for a finding was not filed within the statutory time, and without considering any other questions in the case, the application is denied.

In this opinion the other judges concurred.