HARRIET A. WILDER *vs.* RUSSELL LIBRARY COMPANY
ET AL.

First Judicial District, Hartford, October Term, 1927.
WHEELER, C. J., MALTBIE, HINMAN, BANKS and MARVIN, Js.

An extension of time within which to file a motion to correct the finding of a compensation commissioner does not carry with it an authorization to file further supplemental motions after the expiration of the time limited.

Wilder  *v.*  Russell Library  Co.

The mere fact that an injury is contemporaneous or coincident with
the employment is not a sufficient basis for an award of com-
pensation; it must appear that there was a direct causal con-
nection between the injury and the employment or the condi-
tions under which it was required to be performed, and that,
but for that employment or those conditions, the injury would
not have occurred.

In the present case the compensation commissioner found that the
plaintiff's daughter, who had a hereditary predisposition to
mental trouble, was over-conscientious and over-zealous in the
performance of her duties as defendant's librarian, devoting long
hours and all her energies to the work immediately connected
with the management and improvement of the library and to
the performance of her duties as president of the State Library
Association which, though not required by her contract of em-
ployment, was considered by her and by the defendant's trustees
to be of benefit to herself and to the library; and that, as a
result of her excessive labor with its attendant worries and
responsibilities, she suffered a physical and mental collapse which
caused her, in a moment of insane and uncontrollable impulse,
to take her own life. *Held (one judge dissenting)* that the com-
missioner's conclusion that her death arose out of and in the
course of her employment was not the result of an incorrect
application of legal principles, or so opposed to the plain rules
of reason or logic as to warrant the interference of the Superior
Court or this court upon appeal.

Argued October 5th—decided December 12th, 1927.

APPEAL by the defendants from a finding and award
of the compensation commissioner for the second dis-
trict in favor of the plaintiff, taken to the Superior
Court in Middlesex County and tried to the court,
*Jennings, J.;* judgment rendered dismissing the appeal
and affirming the award, from which the defendants
appealed. *No error.*

*Warren Maxwell,* with whom, on the brief, was *Allan
E. Brosmith,* for the appellants (defendants).

*Ralph O. Wells,* for the appellee (plaintiff).

MALTBIE, J.   The commissioner having, on May
28th, 1926, awarded compensation to the claimant as

a dependent of the deceased, the respondent insurer, on June 2d, filed its appeal, and thereafter sought an extension, until June 30th, of the time within which it might file a motion for a correction of the finding and award. The commissioner granted an extension; on June 18th the respondent filed a somewhat lengthy motion to correct; and on July 2d the commissioner filed a detailed ruling upon that motion. On August 9th the respondent filed a supplemental motion to correct and this the commissioner refused to act upon because it was filed too late. The trial court sustained the action of the commissioner in this regard. The extension granted by the commissioner authorized the filing of the motion of June 18th, but cannot be interpreted as authorizing the filing of further motions as often and at such times as the respondent might choose. We cannot find error on the part of the trial court in sustaining the commissioner's action in refusing to act upon the supplemental motion. Practice Book, p. 258, § 72; *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 673, 112 Atl. 269; *State* v. *Dobkin*, 78 Conn. 642, 63 Atl. 349.

When the appeal came to trial in the Superior Court, it was of the opinion that the record of the case was not in such a condition that the issues were clearly presented or could be justly determined, and accordingly it remanded the case to the commissioner for further proceedings. Before he took any further action, however, his term of office expired, and, as there was then no statutory authority permitting him to do anything thereafter, the record could not be perfected. Upon motion for a rehearing, the court opened the judgment remanding the case to the commissioner, the appeal was again heard, and final judgment rendered. The appeal before us is from that judgment, and we

must perforce determine it upon the rather unsatisfactory record before the trial court.

The commissioner's finding and his memorandum of decision made a part of it give a very brief summary of the salient facts in the case.  A few additional facts which the respondent sought in the original motion to correct to have incorporated in the finding, were undisputed and we include them in our own statement of it, although they could not have affected the conclusion of the commissioner.  Most of the other additional facts sought to be added either were not undisputed or were wholly immaterial.  With the slight additions we have made, we are bound to take the facts as found by the commissioner, and, upon that basis, to determine whether the trial court was right in adjudging the conclusion of the commissioner not to be unreasonable, illogical or contrary to law.

These, then, are the facts of the case as found:  The decedent had been for some eight years librarian at the library of the respondent employer, located in the city of Middletown.  As such she was, under the supervision of its trustees, in full charge and direction of the library, having several assistants under her.  She was very conscientious in her work, temperamentally over-conscientious and zealous for the good of the library, working the number of hours required of her by the employer and also working many more hours at home evenings on work connected with her library duties, in her desire to carry out her ideas and hopes for the betterment of the library in all its branches.  She expended a great amount of effort in building up the library and making it more useful to the general public.  Her position carried with it unusual responsibilities, causing her not only excessive labor, but excessive worries.  During her first year she accomplished more for the library than in any subsequent year, but did not

then show an adverse physical or mental reaction. In 1924-25 she was president of the State Library Association and also did considerable work at times for the various conventions of librarians held in Connecticut and nearby States, and this put an additional strain upon her. While this work was voluntary on her part, and was not required by her position as librarian of the respondent, it was acquiesced in by the trustees and was all felt to be of benefit to the library as well as to its librarian, and she was urged and rather expected to contribute her share of time and work in arranging such conventions and attending them. The unusual efforts put forth by the decedent and the long hours spent by her in relation to her library work were all for the benefit of the library and known to it and it at all times encouraged her in her desires and efforts to build up the library and acquiesced in all her plans for it, complete harmony existing between the trustees and the librarian during her entire connection with it. This was also true of her connection with the State Library Association and her assistance in preparing the programs for various conventions of librarians. Although her over-work and over-zealousness may not have been specifically required by the contract of employment with the respondent employer, it was all for the benefit of the library and none of it constituted a departure from her employment.

The decedent was subject by heredity to a predisposition to mental trouble. The long hours she worked caused excessive fatigue. A physical breakdown occurred, which was followed by a nervous breakdown. This developed into a mental condition amounting to insanity, resulting in suicide, an act for which she was not morally responsible and which was due to uncontrollable impulse. The worry, anxiety and excessive nervous and mental activity in connection with the

library work were all contributing factors in the ultimate mental breakdown. Her physical, mental and nervous disorders were all attributable to that work and traceable to her employment.

The finding of the commissioner that the decedent's act of self-destruction was one for which she was not morally responsible and which was due to uncontrollable impulse, is not attacked. That the suicide of an insane person under such circumstances may arise out of and in the course of employment does not admit of doubt. *Sponatski's Case,* 220 Mass. 526, 108 N.E. 466. An examination of the testimony of the very eminent medical experts who appeared in the case, which we have made in considering the respondent's motion to correct the finding, discloses them to be in substantial accord that insanity is ordinarily the result of numerous and diverse circumstances. Many of these do not arise out of the employment, some often growing out of an inherited tendency which would have ended in mental disorder no matter what the vocation or avocation of the patient might have been, some incidental to the personality of the particular claimant, some due to circumstances of life entirely apart from the employment. These conditions require of a commissioner called upon to determine a claim based upon insanity that he weigh with exceeding care all the testimony in the case before arriving at the conclusion that there was a direct causal connection between the employment or the conditions under which it was required to be performed and that insanity. What we said in *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 713, *et seq.,* 134 Atl. 259, is as applicable to this class of cases as to the one then before the court: "Before he can make a valid award the trier must determine that there is a direct causal connection between the injury, whether it be the result of accident or disease, and the employ-

ment.   The question he must answer is, was the employment a proximate cause of the disablement, or was the injured condition merely contemporaneous or coincident with the employment?   If it was the latter there can be no award made.   If the former there may be.   This determination is often exceedingly difficult to make.   Discrimination and sound judgment are indispensable to right decision. . . .   The fact that the injuries, whether from accident or disease, happen contemporaneously or coincidentally with the employment affords no basis for an award under our Act.   Injuries of that nature which arise in the course of the employment, unless they also arise out of the employment, do not come within our Act."

Cases where insanity can be said to arise out of the employment or the conditions under which it is required to be performed, particularly in the absence of traumatic injury, must be very rare.   Where such a claim is made, a commissioner must give careful consideration to all the circumstances in evidence before him, not merely those surrounding the employment, but also those which have to do with any hereditary predisposition to mental disorder on the part of the employee, with his personal characteristics, and with his conditions of life outside the employment.   Compensation is not to be awarded unless it is properly found that the insanity is traceable to the employment or its conditions as the direct causal agency which produced it, and that, had it not been for that employment or those conditions, it would not have occurred.

In the instant case the commissioner has reached the conclusion, based upon the subordinate facts, that the death of the decedent did arise out of and in the course of her employment, and the trial court has sustained that conclusion.   The ultimate question presented by the appeal is, was that conclusion the result

of an incorrect application of legal principles, or in drawing it did the commissioner violate the plain rules of reason or logic; if one or the other of these conditions was present, the commissioner would have committed an error of law and the trial court should have sustained the appeal. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 355, 122 Atl. 63. But we cannot, as the trial court could not, retry the case upon the basis of the conclusion which we might ourselves draw from the subordinate facts, and we cannot say that the commissioner did make an incorrect application of legal principles or violate the rules of reason or logic in reaching the conclusion he did. We cannot, therefore, find error in the action of the trial court in sustaining the award and dismissing the appeal.

There is no error.

In this opinion the other judges concurred, except MARVIN, J., who dissented.