[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is the defendant's Pfizer, Incorporated (hereinafter "Pfizer") motion to strike the first four counts of the plaintiff's eight count complaint in which he alleges that while an employee of Pfizer, he and his wife Karen Farago sought marriage counseling through Pfizer as part of a counseling service provided by Pfizer for its employees. The plaintiff alleges that Pfizer referred Farago to Pfizer's "in-house" counselor, the defendant Theodore Nikolla (hereinafter "Nikolla"). The plaintiff alleges that he contacted Nikolla and arranged an initial counseling session at Nikolla's office on Pfizer's property. The plaintiff further alleges that he and his wife jointly attended marriage counseling sessions from February 1991 to April 1991. The plaintiff does not allege in the complaint where the ensuing counseling sessions took place. The plaintiff alleges that in April 1991, Nikolla advised the plaintiff that the plaintiff did not require further counseling but that his wife, Karen Farago, should continue counseling with Nikolla. Thereafter, Karen Farago continued counseling with Nikolla. During the course of this counseling, an "intimate" relationship developed between Nikolla and Karen Farago. The plaintiff alleges that Nikolla also "attempted to foster discord and dissatisfaction on the part of Karen Farago in her marriage to the plaintiff." The plaintiff further alleges that as a result of Nikolla's conduct, Karen Farago requested a divorce from the plaintiff in September 1991 and that she in fact filed for a divorce in October 1991.
In count one of his complaint, the plaintiff asserts that Pfizer breached its duty to the plaintiff by failing to properly control and supervise its employee, Nikolla. The plaintiff alleges the following damages were proximately caused by Pfizer' conduct:
 (1) The destruction and termination of his marriage, including the loss of the emotional and monetary benefits of such relationship;
(2) Annoyance, inconvenience and CT Page 4852 expenses incurred in relocation from the plaintiff's former residence and in obtaining the divorce from Karen Farago; and
 (3) Past and future mental suffering, severe emotional distress and severe humiliation.
In count two, the plaintiff asserts a cause of action for the negligent hiring of Nikolla. The plaintiff claims the same damages in count two as in count one. In count three, the plaintiff alleges that Pfizer negligently failed to exercise due care in the performance of its duty to provide the plaintiff with counseling that was consistent with the standards of the marriage counseling profession and by engaging in conduct which created an unreasonable risk of causing emotional distress to the plaintiff. The plaintiff further alleges that Pfizer's negligence in this regard caused him to suffer severe emotional distress, humiliation, embarrassment and undue stress. In count four, the plaintiff alleges that Pfizer either intended to inflict emotional distress upon the plaintiff or knew or should have known that emotional distress was a likely result of Pfizer's negligent conduct as described in the previous counts. Each party filed a memorandum of law.
In its memorandum of law, Pfizer argues that the claims asserted in counts one, two and three are barred by the exclusivity provision of the Workers' Compensation Act (hereinafter "WCA"). Specifically, Pfizer argues that the plaintiff's alleged injuries which form the basis of the claims in counts one, two and three are based on an "in-house" counseling service available only to employees of Pfizer and that said injuries arose out of and in the course of the plaintiff's employment. Pfizer argues, therefore, that the plaintiff's injuries are covered by the WCA and an independent tort action for those injuries is barred by the exclusivity provisions of the WCA. Pfizer argues in the alternative that the plaintiff failed to allege facts in counts one through three that demonstrate that the intentional misconduct of Nikolla which caused the plaintiff's injuries was foreseeable by Pfizer. As to the fourth count for intentional infliction of emotional distress, Pfizer argues that the injury complained of was CT Page 4853 caused by Nikolla's conduct. Pfizer argues that where an employee asserts liability against an employer for injuries caused by another employee, the WCA bars such claims unless the plaintiff alleges that the employer directed or authorized the intentional conduct of the co-employee. Because the plaintiff has not made such an allegation in count four, Pfizer argues that plaintiff's claim for intentional infliction of emotional distress is barred by the WCA.
The plaintiff first argues that the claims asserted in counts one through four are for injuries which did not arise in the course of the plaintiff's employment as a chemical operator for Pfizer. Rather, the plaintiff argues that the injuries complained of arose from counseling sessions which were neither incidental to nor a duty of his employment. Therefore, the plaintiff argues, the exclusivity provision of the WCA does not bar the plaintiff's claims. The plaintiff also argues that the injuries complained of were neither causally connected with his employment nor the result of repetitive trauma incident to his employment. Therefore, the plaintiff argues that these injuries are not compensable under the WCA. The plaintiff also argues that he has sufficiently pled proximate causation in counts one through three, citing various paragraphs from the complaint in support of his argument. As to count four, the plaintiff argues that since the allegations of the fourth count are not barred by the WCA, the plaintiff need not allege that Pfizer directed or authorized the intentional misconduct of Nikolla.
Pfizer also argues that the circumstances under which injuries arise out of and in the course of employment are to be liberally construed. Pfizer further argues that the plaintiff's injuries should be considered as arising out of and in the course of his employment. Finally, Pfizer argues that the plaintiff's injuries are "personal injuries" as defined by the WCA.
 I.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling upon a motion to strike, the court must take as admitted all well pled facts and construe them in a manner CT Page 4854 most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206,218-19, 520 A.2d 217 (1987).
General Statutes 31-284(a) provides, in pertinent part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . .
The WCA is the exclusive remedy for employees for personal injuries arising out of and in the course of their employment. Perille v. Raybestos-Manhattan, 196 Conn. 529,532, 494 A.2d 555 (1985). General Statutes 31-275(16) provides:
 "Personal injury" and "injury" includes, in addition to accidental injury which may definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease.
Accidental injury "may be defined as a localized abnormal condition of the living body directly and contemporaneously caused by accident." St. John v. U. Piccolo Co., Inc.,128 Conn. 608, 611, 25 A.2d 54 (1942). General Statutes31-275(15) defines "occupational disease" as "any disease peculiar-to the occupation in which the employee is engaged and due to causes in excess of the ordinary hazards of employment as such. . . ." [T]he act's definition of three categories of compensable personal injury is exclusive." Grady v. St. Mary's Hospital, 179 Conn. 662, 668,427 A.2d 842 (1980). CT Page 4855
 II.
Counts One and Two
In counts one and two, the plaintiff seeks damages for the following injuries.
 (1) The destruction and termination of his marriage, including the loss of the emotional and monetary benefits of such relationship;
 (2) Annoyance, inconvenience and expenses incurred in relocation from the plaintiff's former residence and in obtaining the divorce from Karen Farago; and
 (3) Past and future mental suffering, severe emotional distress and severe humiliation.
It is evident that the loss of the monetary benefit of the marriage and for the "annoyance, inconvenience and expenses incurred in relocation from the plaintiff's former residence and in obtaining the divorce" from Karen Farago are not the direct result of repetitive trauma or repetitive acts incident to the plaintiff's employment nor are these accidental injuries or occupational diseases. Therefore, the WCA is not a bar to plaintiff's claims in these counts. Pfizer has moved to strike counts one and two in their entirety on the ground that they are barred by the WCA. This claim must fail because if part of a count is viable, it is not subject to a motion to strike. Doyle v. A P Realty Corp, 36 Conn. Sup. 126, 414 A.2d 204 (1980).
However, in both counts one and two the plaintiff has alleged that his injuries were caused in part by the defendant Nikolla's "intentional" and "malicious" misconduct. "[A] negligent defendant, whose conduct creates or increases the risk of a particular harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third person and is not within the scope of the risk created by the defendant's conduct." CT Page 4856 (Emphasis in the original.) Doe v. Manheimer, 212 Conn. 748,759, 563 A.2d 699 (1989).
Pfizer cites Doe, supra, for the proposition that in order for the plaintiff to assert a cause of action for negligence as set forth in counts one through three, the plaintiff must allege that Nikolla's acts were a foreseeable result of Pfizer's negligence. Because the plaintiff has not alleged such facts, Pfizer argues that counts one through three are legally insufficient.
In count one, paragraph 17, the plaintiff alleges that plaintiff had a duty to provide professional counseling giving "due consideration to the foreseeable effects of defendant Nikolla's conduct upon the marriage." This allegation of foreseeability is sufficient. However, count two is devoid of any allegation of foreseeability. Therefore, the court denies Pfizer's motion to strike count one and grants Pfizer's motion to strike count two.
 III.
Count Three
In count three, the plaintiff seeks damages for the severe emotional distress, humiliation, embarrassment and undue stress allegedly caused by Pfizer's negligent failure to exercise due care in the performance of its duty to provide the plaintiff with counseling that was consistent with the standards of the marriage counseling profession and by engaging in conduct which created an unreasonable risk of causing emotional distress to the plaintiff. Unlike counts one and two, in count three the plaintiff does not seek damages for any financial injuries.
In Wilder v. Russell Library Co., 107 Conn. 56,139 A. 644 (1927), the court affirmed a worker's compensation award for the dependent of a deceased who committed suicide. The court traced the decedent's suicide back to a mental breakdown caused by "the worry, anxiety and excessive nervous and mental activity in connection with [the decedent's employment]. . . ." Id., 60-61.
 Cases where insanity can be said to arise out of the employment or the CT Page 4857 conditions under which it is required to be performed, particularly in the absence of traumatic injury, must be very rare. . . Compensation is not to be awarded unless it is properly found that the insanity is traceable to the employment or its conditions as the direct causal agency which produced it, and that, had it not been for that employment or those conditions, it would not have occurred.
Id., 62. Wilder, therefore, it appears, construes the WCA, as it existed at the time, as providing worker's compensation coverage for nonphysical injuries traceable to the plaintiff's employment.
The Wilder decision was cited with approval in Zipoli v. Watertown Board of Education,3 Conn. Workers' Comp. Rev. Op. 23, 25 (1986). In that case, the employee made a claim for a work-related mental disability characterized as paranoia. In awarding the claimant benefits based on the holding in Wilder, the Workers' Compensation Review Commission stated:
 It is true that the occupational disease definition applicable to Wilder was broader than that later adopted by the 1927 legislature. However, as demonstrated in Cortes v. Allegheny Ludlum Steel Corp., 1 Conn. Workers' Comp. Review Op. 173 (1982) citing Glodenis v. American Brass Co., 118 Conn. 29 (1939) and LoLenko v. Wilson H. Lee Co., 128 Conn. 449
(1942) prevailing case law interprets occupational disease quite broadly.[1]
Based on this interpretation of case law and the WCA, the commission found the employee's mental disability to be a compensable occupational disease.[2] Zipoli was upheld in Henderson v. Brink's, Inc., 5 Conn. Workers' Comp. Review Op. 115 (1988) and Crochiere v. Enfield Board of Ed., 10 Conn. Workers' Comp. Review Op. 165, 172 (1992) (compensation awarded for psychotic breakdown). CT Page 4858
The opposite conclusion was reached in Silva v. The Stop Shop Companies, Inc., Superior Court Judicial District of Fairfield at Bridgeport, Docket No. 92-0295633 (January 12, 1993, Leheny, J.). In that case, the plaintiff filed a tort action against his employer alleging false imprisonment, malicious prosecution and intentional infliction of emotional distress. Id. The plaintiff sought damages for humiliation, mental and physical distress, loss and damage to reputation, and the expenses of suit. Id. The defendant/employer asserted a special defense based on the exclusivity provisions of the WCA. Id. The plaintiff then moved to strike the special defense. Id. In granting the plaintiff's motion, the court found that:
 The injury (sic) alleged, however, are not injuries which are the direct result of repetitive trauma or repetitive acts, although they are causally connected with his employment. The mention of physical distress, such as headaches, stomach upsets and sleeplessness, are not sufficient to bring this claim to the level of "personal injury" or "injury" as defined by the [WCA]. "If the essence of the tort, in law, is non-physical and if the injuries are of the usual non-physical sort, with personal injury being at most added. . ." the action is not barred by the Worker's Compensation statute. 2A A. Larson, Worker's Compensation Law (1976) 68-34(a), p. 31.117.
Id.
Assuming arguendo that the plaintiff's nonphysical injuries, as alleged in count three, are "personal injuries" as defined by the WCA, then a further inquiry must be made as to whether these injuries arose out of and in the course of the plaintiff's employment with Pfizer.
The WCA is the exclusive remedy for employees for personal injuries arising out of and in the course of their CT Page 4859 employment. Perille, supra, 532. To arise out of and in the course of the employment, the injury must take place: (a) within the period of employment; (b) at a place where the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of employment or doing something incidental to it. Fulco v. Norwich Roman Catholic Diocesan Corp., 27 Conn. App. 800, 808, 609 A.2d 1034 (1992).
 The rule for determining whether the activity is incidental to employment turns on whether the activity is regularly engaged in on the employer's premises, within the period of employment, and with the employer's approval or acquiescence.
Id., 809.
The plaintiff has not pled facts in the complaint sufficient for this factual analysis to be made. Specifically, the plaintiff's complaint does not include facts as to where the plaintiff's injuries took place or where the counseling sessions with the wife took place. While both parties discuss the facts more fully in their memoranda of law, a motion to strike must be decided on the factual allegations in the pleadings. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771
(1979).
Although it is difficult to perceive under these particular facts alleged, where the injury was done indirectly to the plaintiff, by means of a seduction of his wife, how such an injury "arose out of and in the course of the plaintiff's employment, it is unnecessary to decide this question now. It must wait for a later day. If the motion to strike imparts facts outside of the pleadings, it will not be granted. Id. The court concludes that the third count must be stricken in any event because it too fails to include an allegation of foreseeability and is therefore legally insufficient.
 IV.
Count Four CT Page 4860
In count four, the plaintiff alleges that Pfizer either intended to inflict emotional distress upon the plaintiff or knew or should have known that emotional distress was a likely result of Pfizer's negligent conduct as described in the previous counts. Based on these allegations, the plaintiff seeks damages for humiliation and mental and physical distress.
The exclusive remedy provisions of the WCA do not apply where an employer is engaged in intentional misconduct against the employee. Perille, supra, 533-534; Jett v. Dunlap, 179 Conn. 215, 221, 425 A.2d 1263 (1979). In count four, the plaintiff alleges intentional misconduct by Pfizer and therefore, the court denies Pfizer's motion to strike this count.
Accordingly, defendant Pfizer's motion to strike is granted as to counts two and three and denied as to counts one and four.
Teller, J.