[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 22, 1994, the plaintiff, Dime Savings Bank of New York, filed a one count complaint against the defendants, Robert Ragsdale, both individually and as administrator of the estate of Sandra White-Ragsdale, Stamford Municipal Employees Federal Credit Union (Credit Union), and Citibank. The plaintiff alleges the following facts. In January 1987, the Ragsdales isssued [issued] a promissory note in the amount of $218,000.00 to the Dime Real Estate Services. The note was secured by certain property located in Norwalk, Connecticut. The Dime Real Estate Services assigned all of its interest in the mortgage and note to the plaintiff. The Credit Union and Citibank may claim an interest in the mortgaged property, but those interests are subordinate to the interest of the plaintiff. The Ragsdales have been in default on the loan since August, 1993. The plaintiff is seeking foreclosure of the mortgage.
On September 12, 1994, the plaintiff filed a motion to substitute First Financial Bank as plaintiff in the action. On September 23, 1994, Robert Ragsdale filed a motion to dismiss the action on the ground that the plaintiff does not have any interest in the note and mortgage and, therefore, lacks standing to pursue the action. Pursuant to Practice Book § 142, Robert Ragsdale filed a memorandum in support of his motion. The plaintiff filed a memorandum of law in opposition to the motion on September 26, 1994.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 625, n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone." Barde v. Board ofTrustees, 107 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is construed most favorably to the plaintiff. Duguay v. Hopkins,191 Conn. 222, 227, 464 A.2d 45 (19873). When the lack of jurisdiction is brought to the court's attention, "cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982). CT Page 11826
Ragsdale argues that since the plaintiff does not have any interest in the note and mortgage, it lacks standing to pursue the action. The plaintiff argues that since it has moved to substitute the proper plaintiff, the motion to dismiss should be denied.
The trial court must consider the defendant's motion to dismiss before reaching the plaintiff's motion to substitute plaintiff because "[w]hen a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move on to other matters." Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807,494 A.2d 494 (1985).
"The issue of standing implicates the court's subject matter jurisdiction." Taff v. Bettcher, 35 Conn. App. 421, 424
(1994). "Standing is the legal right to st [set] judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." Ardmare Construction Co. v. Freedman, 191 Conn. 497,501, 467 A.2d 674 (1983).
In the present case, the parties appear to agree on the following facts. On April 21, 1988, the plaintiff assigned all of its right, title and interest in the note and mortgage to Illini Federal Savings and Loan Association (Illini). On January 19, 1990, Illini merged into First Financial Bank, which assumed all of the assets and liabilities of Illini. The plaintiff, therefore, had no interest in the note and mortgage after April 21, 1988. Since the plaintiff has no real interest in the cause of action, it lacks standing and the motion to dismiss is granted.[1]
HICKEY, J.